# Richmond

## EDWARD JONES V. COMMONWEALTH OF VIRGINIA

January 13, 1978.

Record No. 770206.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Richard E. Railey (Railey and Railey,* on brief), for plaintiff in error.

*Robert H. Herring, Jr., Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the Court.

Edward Jones was tried by a jury on two indictments charging him with malicious maiming of Frank Thompson and Fannie Thompson, respectively. He was found guilty as charged, and his punishment was fixed at confinement in the penitentiary for 20 years for each offense. Motions to set aside the jury verdicts as contrary to the law and the evidence were overruled by the trial court, which entered judgments on the verdicts. In this appeal, which we granted on limited grounds, the question for our determination is whether the Commonwealth's Attorney made improper argument to the jury that requires reversal of Jones's convictions.

In his argument to the jury, after all evidence had been introduced and the court's instructions had been given, the Commonwealth's Attorney, without objection, made the following statement:

" ... As was pointed out in the beginning, anything that I say now, anything that I said then, is not evidence, I am not a witness, I am merely telling you what I believe to be the case and this is my argument .... And I believe that the evidence, considered in its totality would lead you to one conclusion, and that is that the defendant is guilty of that which he is charged. ..."

He discussed the testimony of various witnesses in detail, and then referred to the testimony of Frank Thompson:

" ... Now this man is retarded is true, he's slow. But I've been prosecuting for twelve years, and I've seen a lot of witnesses that were not said to be retarded that needed it a heck of a lot worse than he did. I thought he made a good witness. I thought he told the truth, the truth gentlemen and ladies when it rings, you hear it, you know it. You don't have to have me to stand here and tell you what's the truth and what's not the truth .... The overall meaning is did this man strangle Frank Thompson, and is that the man that did it and if you believe that and all the rest of that trash, then you can throw it into the street, (inaudible) I want you to be convinced as I am. So we've got ...."

At this point defense counsel objected that the Commonwealth's Attorney was "testifying when he said that in his experience as Commonwealth's Attorney he had never seen a more perfect witness." The objection was overruled.

The Commonwealth's Attorney, continuing his argument, discussed the alibi defense relied upon by Jones:

" ... What did he say? Where did he say he was that night, he had gone to Franklin to get a motor for Roy Pair. Where is Roy Pair, Roy Pair is not here. Roy Pair would know, because he had an invoice. He said that his wife, when he got back, there, there she is, did you see her on the stand?"

Defense counsel objected and stated that he "would like to be heard at the Counsel table." The record shows no motion for a mistrial or for a cautionary instruction or any ruling by the trial court on the objection. The Commonwealth's Attorney continued with this statement to which no objection was interposed:

"You've already been heard. Ladies and gentlemen, it's been brought to my attention that it is not a matter of record that

Mrs. Jones is in Court, so forget the fact if she is in Court or she is not. But the inference that I want you to draw is if he spent the night with her, why didn't she testify that she was in New York or where she is. Why isn't she here to testify. It's a simple reason."

Despite the unsatisfactory state of the record before us, it seems clear, and the Commonwealth has not denied, that a motion for a mistrial was made and overruled at the time defense counsel objected to the argument of the Commonwealth's Attorney and asked to be heard. At the conclusion of the closing arguments, before the jury retired, defense counsel noted for the record his objections to the trial court's rulings on instructions, and referred in the following language to this part of the argument of the Commonwealth's Attorney:

"The defendant notes his exception to the Court's failure to grant a mistrial in the course of the argument by the Commonwealth's Attorney when he pointed out to the jury that the defendant's wife was in the courtroom and pointed her out and stated that her failure to testify and argued that her failure to testify created the presumption that her testimony would not be favorable to the defendant. The defendant's objection being to the fact that there is nothing in the evidence to indicate that defendant's wife was present in the courtroom and that the Commonwealth's Attorney by his statement to the jury was testifying to which the defendant excepts."

Whether defense counsel relied on Code § 8-288 (Repl. Vol. 1957),[1] now § 19.2-271.2 (Cum. Supp. 1977), in his motion for a

---

[1] "**§ 8-288. Testimony of husband and wife in criminal cases.** — In criminal cases husband and wife shall be allowed, and, subject to the rules of evidence governing other witnesses, may be compelled to testify in behalf of each other, but neither shall be compelled, nor, without the consent of the other, allowed to be called as a witness against the other, except in the case of a prosecution for an offense committed by one against the other or against a minor child of either; but if either be called and examined in any case as a witness in behalf of the other, the one so examined shall be deemed competent, and, subject to the exception stated in the next section, may be compelled to testify against the other under the same rules of evidence governing other witnesses. The failure of either husband or wife to testify, however shall create no presumption against the accused, nor be the subject of any comment before the court or jury by the prosecuting attorney . . . ."

mistrial cannot be determined from the record. It appears more likely that his motion was based upon the action of the Commonwealth's Attorney in pointing to a spectator whom he believed to be Mrs. Jones. Nevertheless, the applicability of the statute was fully considered by the trial court when arguments were presented on the defendant's motion to set aside the verdicts. In overruling the motion, the trial court stated that as Jones had raised the defense of alibi, the provisions of Code § 8-288 did not apply. The court reasoned that Jones had testified that his wife was at home when he returned there from Franklin on the evening that the crimes were committed, and that it would be a miscarriage of justice to prohibit the Commonwealth from rebutting the inference that she was at home with Jones when the Thompsons were wounded, thereby providing support for his alibi. This ruling by the trial court constituted error.

■ The language of Code § 8-288 is mandatory. The statute does not, as the Commonwealth has argued in the trial court and before us, apply only if the Commonwealth had attempted to call Mrs. Jones as a witness against her husband and Jones had objected. Nor did the defendant invite the comments of the Commonwealth's Attorney by testifying that he was at home when the crimes were committed. The statute provides no exception where an alibi defense is asserted.

The "inference" which the Commonwealth's Attorney wished to have the jury draw was that if Mrs. Jones had been called to testify for the defendant, her testimony would have been unfavorable. This is precisely the kind of argument which Code § 8-288 was intended to prohibit. *Roller* v. *Commonwealth*, 161 Va. 1104, 1110, 172 S.E. 242, 244 (1934). *See Wilson* v. *Commonwealth*, 157 Va. 962, 162 S.E. 15 (1932). In *Roller*, where the evidence was highly conflicting, we declined to presume that the comments made in violation of the statute were harmless, and we withheld any decision on the question of harmless error in a case where the evidence is substantially free from conflict. *Id.* 161 Va. at 1110, 172 S.E. at 244-245.

■ In the present appeal, we cannot agree with the Attorney General that the doctrine of harmless error should be applied. He asserts on brief that the evidence of guilt, including positive in-court identification by the victims, was overwhelming; that the only contradiction was in the alibi defense; that it is "not

probable" that any verdict but a guilty verdict could be sustained; and that the error, therefore, was harmless. He cites *Mitchell* v. *Commonwealth*, 192 Va. 205, 64 S.E.2d 713 (1951). In that case, however, the defendant refused the offer of the trial court to give a cautionary instruction to the jury to disregard the improper argument. The evidence of guilt was conclusive, and there was nothing in the verdict, which fixed the defendant's punishment at 90 days in jail when the maximum punishment was 12 months in jail, to show that the defendant was prejudiced by the improper argument. Moreover, the correct rule that must be applied is that error in a criminal case will require reversal of a conviction unless the error is harmless beyond a reasonable doubt. *See Chapman* v. *California*, 386 U.S. 18, 23-24 (1967), *rehearing denied*, 386 U.S. 987 (1967); *Goins* v. *Commonwealth*, 218 Va. 285, 237 S.E.2d 136 (1977); *Vass* v. *Commonwealth*, 214 Va. 740, 745, 204 S.E.2d 280, 284 (1974).

In the present appeal, the crimes were heinous, and the guilty verdicts were supported by the evidence, but the jury fixed Jones's punishment at the statutory maximum for each offense. The crucial evidence for the Commonwealth, consisting of the identification testimony of two persons, one of retarded mentality, was not overwhelming. As we cannot say that the error may not have prejudiced Jones, at least as to the quantum of punishment, we hold that his convictions must be reversed and the cases remanded for a new trial. Therefore, we will consider other portions of the Commonwealth's Attorney's argument which Jones says were improper.

■ We agree that the Commonwealth's Attorney engaged in improper argument when he expressed his personal opinion as to the credibility of a witness and the weight of the evidence. *Smith* v. *Commonwealth*, 207 Va. 459, 467, 150 S.E.2d 545, 550 (1966). We do not believe that the Commonwealth's Attorney may validate such an argument in advance by a prefatory admonition to the jury that whatever he said was not evidence and that the jury must decide the case on the evidence. It is the Commonwealth's Attorney's duty to present the available evidence to the jury, and let the jury perform its function of evaluating the evidence and determining the credibility of witnesses, without being subjected to the pressure of the prosecutor's personal views.

■ There is no merit to Jones's argument that the Commonwealth's Attorney improperly argued for the maximum punishment. Defense counsel in closing argument discussed the court's instructions and referred specifically to the instruction prescribing the applicable punishment if the jury returned verdicts of guilty on the charges of malicious wounding or a lesser included offense. In his rebuttal argument, the Commonwealth's Attorney asked for the maximum punishment, to which defense counsel objected on the ground that this was not responsive to the closing argument for the defense and was, therefore, not proper rebuttal. This objection was properly overruled. The argument was clearly responsive to the defense argument.

For the reasons assigned, the judgments of the trial court will be reversed and the cases will be remanded for a new trial consistent with the views herein expressed.

*Reversed and remanded.*