**Salem**

TERRY LEE TAYLOR

v.

COMMONWEALTH OF VIRGINIA

No. 0767-85

Decided September 2, 1986

COUNSEL

Rudolph A. Shupik, Jr. (Shupik & Crider, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.** — The appellant, who was found guilty in a bench trial of grand larceny of four antique wicker chairs valued at three hundred ($300) dollars each, seeks reversal of his conviction on the ground that the trial court erred by admitting in evidence the results of his polygraph examination. The Commonwealth contends that, since the polygraph results were admitted in accordance with the terms of a stipulation agreement entered into between the appellant and Commonwealth, in a non-jury trial the court acted within its discretion in admitting the test results. Finding that the court erred in admitting the test results and that such error was not harmless beyond a reasonable doubt, we reverse.

The record shows that on the evening of the offense an observer identified the appellant as one of two individuals seen carrying wicker chairs from the victim's home. The appellant denied the accusation and agreed to a post-indictment polygraph examination with the stipulation that the written report by the polygraph operator could be offered into evidence by either party so long as the test results were not indefinite or inconclusive. The stipulation further provided that the reliability of the polygraph examination would not be questioned.

At trial the Commonwealth's Attorney offered in evidence the stipulation agreement and the report of the polygraph operator, which stated, in pertinent part, that the accused was asked the relevant question of whether he stole the wicker furniture and that the operator concluded that the negative response was deceptive. The report contained no qualitative or quantitative data concern-

ing how the test was administered or its results measured. Appellant's counsel objected to the admission of the report on the ground that the test results were not proven to be definite or conclusive as required by the agreement. The trial court conditionally admitted the report, subject to its being stricken if the appellant demonstrated that the results were inconclusive or indefinite. Appellant elicited from the operator that three charts were run; that the results from two of them were "borderline" or at the minimum threshold of the range considered to show deception; that the results of the third chart were in the range considered inconclusive; but that the aggregate results of all three charts were at the "borderline" range of deception. The court ruled the polygraph results admissible within the terms of the stipulation agreement.

The Commonwealth argues that unless we adopt a *per se* rule of inadmissibility for the results of polygraph tests we must affirm the ruling of the trial court. Relying upon *Odum v. Commonwealth*, 225 Va. 123, 301 S.E.2d 145 (1983), the Commonwealth asserts that when the parties have stipulated that the polygraph results will be admissible the trial court may in its sound discretion admit the results over objection of the accused. The Commonwealth contends that it is not an abuse of discretion to admit the results based upon a prior agreement to do so, so long as the terms of the agreement have been complied with. The appellant argues, however, that the terms of the agreement were not complied with in that the test results were not conclusive and definite.

■ The Commonwealth misconstrues the holding in *Odum*. *Odum* does not hold or address the issue whether a trial court has the unqualified discretion to admit polygraph results over an objection by the accused when he has previously stipulated to their admission. *Odum* held that the trial court did not abuse its discretion by ruling *ex mero motu* that polygraph test results were inadmissible even though the parties had stipulated to their admission in evidence and made no objection thereto. The Court noted that "[i]n Virginia, results of lie detector tests are not viewed as scientifically reliable, and we have held that the exclusion of such findings, even though favorable to the accused, was proper." *Id.* at 132, 301 S.E.2d at 150. In the present case the court admitted the evidence over the objection by the accused that the terms of the stipulation agreement had not been met. Thus, we decide whether

the test results were admissible under the terms of the stipulation agreement between the parties and, if not, whether the admission was harmless error beyond a reasonable doubt.

■ While the appellant agreed not to challenge the reliability of the polygraph examination, he did not concede that such test was reliable or a scientifically trustworthy method of determining deception. Under the terms of the agreement and under the rules of evidence the party who proffers the results of a "scientific" test for the purpose of eliciting an expert's opinion as to the significance of the results has the burden of establishing that the test yields trustworthy or reliable results. The record is devoid of any evidence tending to show that a polygraph test, including the one administered in this case, yields results which should be considered conclusive or definite. Furthermore, any effort to have so proven would have been contra to the well established principle in Virginia that the polygraph test is "inherently unreliable." *See, e.g., Odum*, 225 Va. 123, 301 S.E.2d 145. The Supreme Court of Virginia most recently reiterated:

> In a long line of cases, spanning almost thirty years, we have made clear that polygraph examinations are so thoroughly unreliable as to be of no proper evidentiary use whether they favor the accused, implicate the accused, or are agreed to by both parties. The point of these cases is that the lie-detector or polygraph has an aura of authority while being wholly unreliable.

*Robinson v. Commonwealth*, 231 Va. 142, 156, 341 S.E.2d 159, 167 (1986) (citations omitted). To conclude that an unreliable test can yield results which are definite and conclusive is a *non sequitur.* Accordingly, we find no credible evidence to support the trial court's finding that the results of the polygraph test were not inconclusive and indefinite. The admission into evidence of the test results over objection by appellant was error under the terms of the agreement and established case law.

We must consider whether the erroneous admission of the evidence in a bench trial was harmless error beyond a reasonable doubt. *Jones v. Commonwealth*, 218 Va. 732, 737, 240 S.E.2d 526, 529 (1978). Identification of the appellant as a participant in the crime was the critical issue at trial. The appellant presented an alibi defense and his credibility was a crucial issue to be de-

cided in resolving the identification-alibi conflict. As the Commonwealth has noted, the trial judge necessarily found that the polygraph test results which showed deception were definite and conclusive in order to be admitted in evidence. We cannot say that the trial judge disregarded his own finding in weighing the accused's credibility or in considering whether his alibi evidence created a reasonable doubt as to guilt. Additionally, the Commonwealth's Attorney argued to the court in summation that the polygraph results conclusively showed deception and discredited the appellant's alibi defense. In view of the court's ruling admitting the polygraph test results we cannot say that the trial judge was not influenced by the improper evidence and argument.

For these reasons the conviction is reversed and remanded for a new trial consistent with the holdings herein.

*Reversed and remanded.*

Koontz, C.J., and Moon, J., concurred.