## CIRCUIT COURT OF CHESTERFIELD COUNTY

Nelson-White
Construction Mng. Corp.

v.

Foster, Inc.

December 12, 1989

Case No. (Chancery) 82-88

By JUDGE WILLIAM R. SHELTON

On August 3, 1989, the findings of the Commissioner in this case were filed with the Clerk of the Court. Plaintiff's attorney filed exceptions to the Commissioner's report on August 14, 1989. Subsequent to that, on November 17, 1989, plaintiff's counsel filed a request for a nonsuit. On November 22, 1989, defendant's counsel scheduled a hearing to ask the Court to enter a Decree Confirming the Commissioner's report.

The issue argued by counsel at the November 22 hearing was whether or not the plaintiff's earlier request for a nonsuit could be properly granted by the Court. Counsel for plaintiff argued that entry of a nonsuit was still proper because both parties had not yet submitted the case to the Court for consideration. Counsel for defendant argued that a nonsuit could not be granted because the case had already been submitted to the Court for consideration.

Section 8.01-380 of the Virginia Code permits voluntary dismissal as a matter of right in non-jury suits in equity up until the suit is *submitted* to a Chancellor for a decision. Va. Code Section 8.01-380. The application and construction of Code Section 8.01-380 in situations where the case which was heard by a Commissioner was set forth in *Moore v. Moore*, 218 Va. 790, 240 S.E.2d 526 (1978).

In the case of *Moore*, the wife sought a divorce *a vinculo* on the grounds of a two-year separation without requesting any other ancillary relief. *Moore v. Moore*, 218 Va. 790, 240 S.E.2d 535. Husband filed an answer admitting the wife's allegations and stating no other issues for adjudication. *Id*. The matter of divorce was referred to a Commissioner who, after taking depositions, filed his report stating that there was proper jurisdiction; the grounds for divorce had been proven; no property or support rights were to be adjudicated; and that the divorce should be granted. *Id*. The suit then remained dormant for six months. Counsel for husband then submitted a draft of a decree and asked that the Commissioner's report be confirmed. *Id*. A week later, wife's counsel filed a motion to dismiss (nonsuit). The Court found that the wife's motion to dismiss (nonsuit) should be granted. *Id*.

The Court, in reaching its decision in *Moore*, had to determine whether the divorce suit had been "*submitted*" to the Court for decision within the meaning of the statute, at the time the wife filed her request for nonsuit. *Moore*, 218 Va. 790, 795, 240 S.E.2d 535. The Court stated that the mere filing of the Commissioner's report alone does not amount to a "submission" of the case to the trial court for decision. *Id*. Nor is the unilateral filing of an order confirming the Commissioner's report a "submission" in the statutory context. *Id*. Rather, for a "submission" of the case to have occurred, *both* parties must have yielded the issue to the trial court for determination. *Id*. The Court then went on to set out actions that if taken by both parties would have resulted in a "submission" of the case for decision. This could have been accomplished either as the result of oral or written argument, formal notice and motion, or by tendering a jointly endorsed sketch for a decree (or in the case of disagreement over the form, two separate drafts upon notice and motion). *Id*.

Applying the Court's findings in the *Moore* case to these facts, this Court finds that plaintiff's request for a nonsuit must be granted. On November 17, 1989, when plaintiff's counsel filed his request for a nonsuit, the case had not yet been submitted to the Court for a decision. As established in the *Moore* case, "submission" would require action by *both* parties. In this case, counsel

for plaintiff had filed exceptions to the Commissioner's report on August 24, 1989, and a request for a nonsuit on November 17, 1989. Counsel for defendant had noticed for a hearing date of November 22, 1989, at which time he would present a decree confirming the Commissioner's report. Based on these events, the earliest possible point at which time it could be said that *both* parties had taken action to submit the case to the Court would be November 22 when defendant would present his decree confirming the Commissioner's report. Prior to that date, the only action defendant had taken was to give notice for the hearing, which does not constitute a submission. Plaintiff's request for a nonsuit was filed prior to the date on which defendant would present his decree. Therefore, the plaintiff's request for a nonsuit was proper because at the time it was requested, the case had not yet been submitted by both parties to the Court. The plaintiff's requested nonsuit must be granted.