COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Kelsey and Senior Judge Overton
Argued at Chesapeake, Virginia

ROBERT AMERICO SELLAROLE

                                                    MEMORANDUM OPINION*BY
v.        Record No. 0257-04-1               JUDGE NELSON T. OVERTON
                                                         OCTOBER 4, 2005
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                         James A. Cales, Jr., Judge

           Barry R. Taylor (Michelle E. Mordue; Scialdone & Taylor, Inc., on
           brief), for appellant.

           Paul C. Galanides, Assistant Attorney General (Judith Williams
           Jagdmann, Attorney General; Amy L. Marshall, Assistant Attorney
           General, on brief), for appellee.


        Robert Americo Sellarole, appellant, was convicted of possession with intent to distribute

psilocybin following a bench trial.  On appeal, he contends that the trial court erroneously

considered matters not in evidence in assessing a police officer's credibility as a witness.  We agree,

reverse the conviction, and remand for a new trial.

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26

Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).  The evidence showed that Officer

Johnakin encountered appellant at a parking field in Portsmouth just prior to a concert.  Johnakin

was operating undercover and was dressed in street clothes.  According to Johnakin's testimony,

appellant and a young woman, later identified as Brandy Hall, approached him and asked if he were

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

looking for some "chocolates." Johnakin knew from his training and experience that "chocolates"

referred to psilocybin, a narcotic also known as "mushrooms." Appellant allegedly told Johnakin

that he would sell the chocolate for twenty dollars. Johnakin stated that he gave the money to

appellant, and in turn, appellant delivered a foil-wrapped "chocolate" to Johnakin.

After the alleged sale, Johnakin called Officer McDonald, who was stationed nearby, and

gave him a detailed physical description of appellant. Johnakin kept appellant in sight until he had

successfully directed McDonald to him. McDonald arrested appellant and searched him, but

recovered neither additional "chocolates" nor the two ten-dollar bills with which Johnakin had made

the purchase. McDonald's search produced over $400 in cash and several bags of marijuana.

At trial, appellant denied that he sold the "chocolate" to Johnakin, and stated that he had

been "told" that Brandy Hall had made the sale. Appellant moved to strike the Commonwealth's

evidence and argued that Johnakin was being "untruthful" in his testimony. In denying appellant's

motion to strike, the trial court stated:

> I'm going to overrule your motion. Let me say this, I would be
> less than candid if I didn't tell you that over the thirty some odd
> years, thirty-five years or whatever it's been, I've been in this
> system, there have been officers who, if this were the evidence and
> they had taken the stand, that I may have some doubts about, but
> Officer Johnakin is not one of those officers. I believe him. I
> don't think he would make a mistake like this. I believe that if he
> did think there was any mistake he would rectify it and would not
> perjure himself.
> I just simply believe he's been able to testify and said that
> independent of anybody he saw that night or independent of the
> fact that this man was the one that was arrested, he can identify
> him, so it really boils down to who I believe, or whom I believe,
> and quite frankly, I believe the officer. This officer has always
> been forthright with this Court and I think he will continue to be so
> and I see no reason not to believe him at this point.

The Commonwealth concedes that the trial court improperly relied upon its independent

knowledge of the police officer's credibility, but argues that (1) the issue has been waived by

appellant because he failed to object at the time the comments were made; and (2) even if the issue has not been waived, the error is harmless.

With respect to the issue of waiver, we find that the appellant's failure to immediately object to the trial court's comments does not bar our consideration of this argument on appeal. "The recognized purpose of [the contemporaneous objection] requirement is to prevent retrials by calling the error to the attention of the trial judge, who may then caution the jury to disregard the inappropriate remarks." Craddock v. Commonwealth, 16 Va. App. 402, 405, 429 S.E.2d 889, 891 (1993). Because the trial court's comments were made during a bench trial and because the issue was raised before the trial court, no purpose would be served in requiring the appellant to object immediately. As we stated in Craddock, "[w]e find no . . . precedent that requires a judge to give himself or herself a cautionary instruction based on improper comments made in a bench trial in order to preserve that issue for appeal." Id.

Having determined that the error committed by the trial court is properly before us, we turn to the question of whether such error was harmless beyond a reasonable doubt. Jones v. Commonwealth, 218 Va. 732, 737, 240 S.E.2d 526, 529 (1978). In Taylor v. Commonwealth, 3 Va. App. 59, 348 S.E.2d 36 (1986), we reversed a conviction because the trial court improperly admitted evidence in a bench trial. In Taylor, the trial court erred by admitting polygraph evidence that tended to show that the defendant was untruthful. Id. at 62, 348 S.E.2d at 38. As in this case, a critical issue at trial was the identification of appellant as a participant in the crime, and the trial court's assessment of appellant's credibility was a "crucial issue to be decided" in determining whether it accepted appellant's alibi defense. Id. at 62-63, 348 S.E.2d at 38.

"Error will be presumed to be prejudicial unless it plainly appears that it could not have affected the result." Joyner v. Commonwealth, 192 Va. 471, 477, 65 S.E.2d 555, 558 (1951). As in Taylor, we "cannot say that the trial judge disregarded his own finding in weighing the

- 3 -

accused's credibility." <u>Taylor</u>, 3 Va. App. at 63, 348 S.E.2d at 38. The sole evidence that appellant was the person who sold the psilocybin came from Johnakin, a fact which appellant directly disputed in his testimony.

Accordingly, we reverse appellant's conviction and remand this case to the trial court for further proceedings, if the Commonwealth be so advised.

<u>Reversed and remanded.</u>