COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Annunziata
Argued at Richmond, Virginia


STEVE KENNETH BRANCH t/a IVORY'S RESTAURANT

OPINION BY

v.   Record No. 0081-95-2            JUDGE LARRY G. ELDER
                                        NOVEMBER 7, 1995

VIRGINIA DEPARTMENT OF
 ALCOHOLIC BEVERAGE CONTROL


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Randall G. Johnson, Judge

J. Ridgely Porter, III, for appellant.

John Patrick Griffin, Assistant Attorney
General (James S. Gilmore, III, Attorney
General; Michael K. Jackson, Senior Assistant
Attorney General and Chief, on brief), for
appellee.


Steve Kenneth Branch appeals the trial court's affirmance of

the Alcoholic Beverage Control (ABC) Board's revocation of

Branch's two alcohol licenses.  Branch contends (1) the ABC Board

lacked authority to revoke the licenses as a sanction for his

violations after he voluntarily surrendered the licenses; (2) the

ABC Board failed to conduct a de novo hearing after the trial

court vacated the revocations and remanded his case; (3)

insufficient evidence supported the charge that the operation of

his business resulted in breaches of peace and good order; and

(4) he substantially prevailed on appeal to the trial court and

was therefore entitled to an award of attorney's fees and costs.

 Because the trial court committed no error, we affirm its

decision to uphold the ABC Board's revocations.

I.

FACTS

On July 26, 1993, the ABC Board gave Branch notice of charges of violations of state alcohol beverage control laws, which concerned his licenses for (1) mixed beverages[1] and (2) wine and beer[2] at his establishment, Ivory's Restaurant.

On January 5 and 7, 1994, an ABC Board hearing officer received testimony from Branch, Branch's employees and bookkeeper, ABC agents, and local police officers. At the hearing, Branch objected to the introduction of a television news videotape, which depicted various incidents of violence occurring near Ivory's. The hearing officer offered to make the video available to Branch's counsel, but the record does not disclose whether Branch's counsel availed himself of the opportunity. On January 27, 1994, the hearing officer found Branch violated ABC laws and recommended the revocation of both licenses.

On April 5, 1994, the case was heard before the full ABC Board, and Branch presented testimony and additional evidence.

---

[1] The charges included (1) Branch no longer conducted business as a "restaurant;" (2) Branch failed to keep complete, accurate, and separate records; (3) Branch attempted to defraud the ABC Board by filing an inaccurate/fraudulent report; (4) issuance of the license led to breaches of peace and good order; and (5) Branch concealed the sale or consumption of alcoholic beverages.

[2] The charges included counts (1) – (4) of the mixed alcohol beverage counts, plus a charge that Branch purchased beer or beverages "except for cash."

Branch did not object to the hearing officer's handling of the video or the other evidence relating to the peace and good order charge. On April 6, 1994, the ABC Board revoked both licenses, and Branch appealed to the Richmond Circuit Court.

On July 13, 1994, the Honorable Randall G. Johnson affirmed the hearing officer's factual findings, but found that the hearing officer improperly admitted the videotape. The trial court stated that (1) the videotape was not so crucial to the ABC Board's final decision that the entire process must be thrown out; (2) only a remand could answer what the hearing officer or the ABC Board would have found if the videotape had not been admitted; and (3) the Board could "not base its decision and orders on remand on any evidence related to the subject videotape, unless the case is further remanded to the hearing officer to allow Branch to present evidence in rebuttal to it." The trial court therefore vacated the revocations and remanded the case to the ABC Board. The trial court refused to award Branch attorney's fees and costs, as he had not substantially prevailed on appeal.

Branch filed a motion with the trial court requesting it to amend or modify its July 13, 1994 order, which had not ordered a de novo hearing on remand. The trial court refused to do so.

On remand, the ABC Board vacated the two April 6, 1994 final orders of revocation and scheduled a hearing for the appeal. On August 1, 1994, Branch objected to the ABC Board hearing his case

3

without affording him a _de novo_ hearing before an officer.
Immediately prior to the final August 23, 1994 ABC Board hearing,
Branch voluntarily surrendered his licenses (which were to expire
on September 30, 1994) and claimed that the ABC Board could take
no further action against him.  On September 6, 1994, the ABC
Board issued orders revoking Branch's licenses.  On December 13,
1994, the trial court affirmed the ABC Board's revocations and
dismissed Branch's appeal.

## II.

### REVOCATION SUBSEQUENT TO VOLUNTARY SURRENDER

In his brief to the Court, Branch argued that once he
voluntarily surrendered his two licenses prior to the ABC Board
hearing, the ABC Board lacked the right to revoke the licenses on
September 6, 1994, thereby affecting what was already a final
termination.  Branch relied on Code § 4.1-203(D), which states in
pertinent part:

> The privileges conferred by any license granted by the
> Board . . . shall continue [for a designated period of
> time, which in this case was September 30, 1994],
> except that the license may be sooner terminated for
> any cause for which the Board would be entitled to
> refuse to grant a license, by operation of law,
> voluntary surrender[,] or order of the Board.

(Emphasis added).  However, at oral argument, Branch conceded
that the voluntary surrender of an alcohol license does not bar
further revocation and sanction proceedings and conceded that
such proceedings may affect a licensee's chances of being granted

4

an alcohol license in the future.  See 48 C.J.S. Intoxicating Liquors § 171 at 613 (1981 & Supp. 1995).  Because of this concession we need not exhaustively address this issue.  We merely note that the ABC Board began its proceedings before Branch attempted to surrender his licenses.  Nothing in the statute forbids the ABC Board from continuing an enforcement action simply because a licensee unilaterally seeks to preclude an adverse finding by surrender of the license after proceedings commenced.  We hold the ABC Board retained authority to revoke Branch's licenses after he voluntarily surrendered them.

III.

LACK OF DE NOVO HEARING ON REMAND

We uphold the trial court's ruling that Branch had no absolute right to a de novo hearing before a hearing officer on remand.

The basic law under which the legislature empowered the ABC Board to act contains no requirement that the case be remanded to the hearing officer.  The law authorizes the Board to promulgate reasonable regulations necessary to carry out the provisions of the basic law.  Code § 4.1-111(A).  The Code also provides that "[t]he Board's power to regulate shall be broadly construed."  Code § 4.1-111(F).

The Regulations of the Virginia Department of Alcoholic Beverage Control, which include the Rules of Practice Before Hearing Officers and the ABC Board, also guide our determination.

5

Part II of the Rules, concerning hearings before the ABC Board, includes VR125-01-1 § 2.6 (Evidence), which grants the ABC Board certain powers.  Section 2.6(B) states:

> Should the Board determine at an appeal hearing, either upon motion or otherwise, that it is necessary or desirable that additional evidence be taken, the board may:
>
> > 1.  Direct that a hearing officer fix a time and place for the taking of such evidence . . . and
> >
> > 2.  Upon unanimous agreement of the board members, permit the introduction of after-discovered or new evidence at [an] appeal hearing.

(Emphasis added).  This section provides an explicit exception to the general rule that all evidence should be introduced at a hearing before a hearing officer.  VR125-01-1 § 2.6(A).  Because the ABC Board may permit new evidence to be admitted after the hearing officer receives evidence and makes a recommendation, it follows that the ABC Board had the authority to exclude the videotape from its consideration on remand.

VR125-01-1 § 1.7 (Decisions) also supports the conclusion that the ABC Board was under no duty to instruct the hearing officer to make new findings of fact on remand, without the use of the videotape.  VR125-01-1 § 1.7 states:

> A.  Initial decisions.--The decision of the hearing officer shall be deemed the initial decision, shall be a part of the record and shall include:
>
> > 1.  A statement of the hearing officer's findings of fact and conclusions, as well as the

6

> reasons or bases therefor, upon all the
> material issues of fact, law or discretion
> presented on the record; and

> 2. The appropriate rule, order, sanction, relief
> or denial thereof as to each such issue.

(Emphasis added).

Additionally, in rendering its decision, the ABC Board "may adopt, modify or reject the initial decision." § 1.7(F). The ABC Board also has the authority at its hearing to "examine a witness upon any question relevant to the matters in issue." § 2.6(C). These powers implicitly give the ABC Board the authority to conduct a de novo review after the initial decision has been rendered and are sufficiently broad to allow the ABC Board to reconsider the case on remand from the circuit court without the necessity to remand for another proceeding before the hearing officer.

The trial court's July 13, 1994 order, which specifically dealt with the remand issue, distinguished this case from Virginia Bd. of Medicine v. Fetta, 244 Va. 276, 421 S.E.2d 410 (1992), a case on which Branch relies. In Fetta, the Supreme Court held that the Virginia Board of Medicine violated statutory provisions relating to the conduct of its proceedings. The Court affirmed the trial court's ruling that because the violation could have had an impact on the medical board's ultimate decision, the proceeding could not be fairly reheard on remand and had to be dismissed. Fetta, 244 Va. at 283, 421 S.E.2d at

7

414.    In this case, the trial court wrote:

> Here, the only error found in the agency's proceedings concerns a videotape.  There is nothing about that tape, or the hearing officer's or Board's consideration of it, which is per se so crucial or central to the Board's final decision that the entire process must be thrown out [as in Fetta] because of the hearing officer's action.

The trial court wrote that it could not determine what the hearing officer or the ABC Board would have found had the videotape not been admitted into evidence and that only a remand would answer this question.  In fashioning its remand instructions, the trial court wrote:

> Accordingly, the final decisions and orders of the ABC Board revoking the licenses of Mr. Branch will be vacated, and the case will be remanded to the Board for such further consideration and proceedings as the Board deems appropriate.  The Board is specifically instructed, however, that it may not base its decisions and orders on remand on any evidence related to the subject videotape, unless the case is further remanded to the hearing officer to allow Branch to present evidence in rebuttal to it.

(Emphasis added).  We hold that the trial court did not abuse its discretion in fashioning these remand instructions.  As the Supreme Court stated in Fetta, Code § 9-6.14:19[3] explicitly grants trial courts "the discretion to specify exactly what shall

_____

[3]   This section states:

> Where a regulation or case decision is found by the court to be not in accordance with law under § 9-6.14:17, the court shall suspend or set it aside and remand the matter to the agency for such further proceedings, if any, as the court may permit or direct in accordance with the law.

be done on remand." Fetta, 244 Va. at 280, 421 S.E.2d at 412.
Here, there is no evidence that the ABC Board based any of its
decision on remand on any evidence related to the videotape. It
was therefore unnecessary for the ABC Board to remand the case
for a de novo hearing before a hearing officer. On remand, the
ABC Board has the authority pursuant to its regulations to
reconsider its decision.

IV.

SUFFICIENCY OF EVIDENCE ON PEACE AND GOOD ORDER CHARGE

Third, we hold that sufficient evidence supports the finding
that Ivory's was so located that violations of law relating to
peace and good behavior resulted from the issuance of Branch's
ABC licenses.[4]

We are guided in this determination by familiar standards of
appellate review of agency decisions.

> Under Code § 9-6.14:17, the scope of review is
> limited to whether there was "substantial evidence in
> the agency record" to support the decision. The phrase
> "substantial evidence" refers to "such relevant
> evidence as a reasonable mind might accept as adequate
> to support a conclusion." The court may reject the
> agency's finding of fact "only if, considering the
> record as a whole, a reasonable mind would necessarily
> come to a different conclusion." This standard is

---

[4] Branch was specifically charged with violating three
separate statutes: (1) Code § 4.1-222(A)(2)(b)(former § 4-31),
which states that the ABC Board can refuse to grant a license if
it has reasonable cause to believe that the establishment "[i]s
so located that granting a license and operation thereunder . . .
would result in violations of this title, Board regulations, or
violation[s] of the laws of the Commonwealth or local ordinances
relating to peace and good order"; (2) Code § 4.1-225(4)(former
§ 4-37), which states that the ABC Board may suspend or revoke a
license, or impose penalties, where "[a]ny cause exists for which
the Board would have been entitled to refuse to grant such
license had the facts been known"; and (3) Code § 4.1-203(D)
(former § 4-34), discussed supra, Section II.

designed "to give great stability and finality to the fact-finding process of the administrative agency."

In addition, we review the facts in the light most favorable to sustaining the Board's action and "take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted."

Atkinson v. VABC, 1 Va. App. 172, 176, 336 S.E.2d 527, 529-30 (1985)(citations omitted).

Regarding the peace and good order charge, the ABC Board had to determine:

first, that violations of the ABC Act or other laws of the Commonwealth relating to peace and good behavior [took] place at the establishment in question; second, that there [was] some nexus between these violations and the location of the establishment. The location, in and of itself, must [have been] a relevant factor in the causation of the violations in order to prove that the establishment "[was] so located that violations of the ABC Act or the laws of the Commonwealth relating to peace and good order [had] resulted from issuance of the license and operation thereunder."

Id. at 177, 336 S.E.2d at 530; see Muse v. VABC, 9 Va. App. 74, 79-80, 384 S.E.2d 110, 113 (1989).

We conclude from a complete review of the record that "[s]ubstantial evidence was presented . . . which gave the ABC Board reasonable cause to believe that circumstances had developed, which, if known, would have entitled the ABC Board to refuse to grant [Branch's] license at the outset." Id. at 80, 384 S.E.2d at 113. The record establishes that violations of the law occurred at Ivory's and that Ivory's location, in and of

10

itself, contributed to disturbances of the peace and other violations of the law.

Substantial evidence from the record reveals the following facts: ABC agent G.R. Gullo testified that weapons were removed from people who were refused entry to Ivory's because they were intoxicated; and a man pulled a gun on a woman who sat in Ivory's outside "glass booth." Sergeant Tim Morley of the Richmond Police Department testified as to multiple violent incidents related directly to Ivory's location, including (1) the beating of a nineteen year old after an argument inside Ivory's; (2) the shooting of five persons "stemming from a crowd situation outside the club"; (3) the shooting of a person "in the head approximately 75 feet from the front door of the club after leaving"; (4) the striking of a police officer in the chest as he tried to maintain order while Ivory's was closing for the night; (5) the arrest of a person outside Ivory's for a fight that originated inside the club; (6) a woman "struck by a bottle and fists by 12 unknown suspects after refusing to dance with one of them"; and (7) a man "struck in the head with a bottle inside the club." Sergeant Morley also testified that Ivory's spawned the most violent problems the police encountered in the adjacent neighborhood. Lieutenant David Welch of the Virginia Commonwealth Police Department testified that there were problems with crowd control at Ivory's; that there were multiple instances of fighting at Ivory's; and that gunshots were fired at Ivory's.

11

Finally, Randall Plummer, formerly in charge of Ivory's security, testified he was assaulted at least three times and was shot at while working at the club.

Based on these facts and circumstances, we hold that the evidence supported the trial court's finding that a causal relationship, or nexus, existed between Ivory's location and the enumerated violations of the law.

V.

ATTORNEY'S FEES AND COSTS

Finally, based on our review of the proceedings in this case, we hold that the trial court did not abuse its discretion in finding that Branch could not recover from ABC reasonable attorney's fees and costs. See Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976)("An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion."). Code § 9-6.14:21(A) of the Virginia Administrative Process Act (VAPA) states:

> In any civil case brought under Article 4 . . . of this chapter and § 9-6.14:4.1, in which any person contests any agency action, as defined in § 9-6.14:4, such person shall be entitled to recover from that agency . . . reasonable costs and attorney fees <u>if such person substantially prevails on the merits of the case and the agency is found to have acted unreasonably</u>, unless special circumstances would make an award unjust.

(Emphasis added). See Commonwealth v. Lotz Realty Co., Inc., 237

12

Va. 1, 11, 376 S.E.2d 54, 59 (1989).

On Branch's first appeal, the trial court found that "because it cannot be reasonably said that Branch has prevailed on this appeal, no attorney's fees or costs will be awarded." The trial court's only reason for vacating the ABC Board's revocation order and remanding the case was that the hearing officer inappropriately admitted the videotape into evidence. The trial court's order specifically stated that "[t]here is nothing about that tape, or the hearing officer's or Board's consideration of it, which is per se so crucial or central to the Board's final decision that the entire process must be thrown out because of the hearing officers' action."

Assuming without deciding that Code § 9-6.14:21(A) supplements the ABC attorney's fees provisions,[5] we hold that the trial court was not clearly wrong in deciding that Branch did not "substantially prevail on the merits of the case," see Commonwealth v. May Bros. Inc., 11 Va. App. 115, 120, 396 S.E.2d 695, 698 (1990)(holding that party "substantially prevailed" on the merits where all disputed issues were decided in its favor), and that the agency did not act "unreasonably" at any point in these proceedings.

---

[5] For example, in Shuler v. VEC, 14 Va. App. 1013, 420 S.E.2d 257 (1992), this Court held that VAPA provisions providing for the award of attorney's fees and costs do not apply to judicial review of determinations of claims for unemployment compensation.

Accordingly, we affirm the trial court's order upholding the ABC Board's revocations.

<u>Affirmed.</u>
