COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


JOHN R. HONAKER
                                            MEMORANDUM OPINION[*]
v.   Record No. 3019-95-3                      PER CURIAM
                                             JUNE 18, 1996
VIRGINIA RETIREMENT SYSTEM


                FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                    Donald A. McGlothlin, Jr., Judge

              (John M. Lamie; Browning, Lamie & Sharp, on
              brief), for appellant.

              (Michael K. Jackson, Senior Assistant
              Attorney General; John M. McCarthy, Senior
              Assistant Attorney General; James W. Osborne,
              Assistant Attorney General, on brief), for
              appellee.


     John R. Honaker appeals the decision of the circuit court

affirming the Virginia Retirement System's determination that he

was not entitled to a waiver of the ninety-day period within

which to file for disability retirement benefits.  Upon reviewing

the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  Rule 5A:27.

     "Review of agency factual decisions is governed by the

'substantial evidence' test.  Under this standard, the scope of

review is limited to ascertaining whether there was substantial

evidence in the agency record to support the decision."  Turner

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

v. Jackson, 14 Va. App. 423, 429-30, 417 S.E.2d 881, 886 (1992)

(citation omitted).  See Code § 9-6.14:17.

> "The phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'  The court may reject the agency's finding of fact 'only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion.'  This standard is designed 'to give great stability and finality to the fact-finding process of the administrative agency.'"

Branch v. Virginia Dep't of Alcoholic Beverage Control, 21 Va. App. 242, 251, 463 S.E.2d 340, 344 (1995) (citations omitted).

Viewed in the light most favorable to sustaining the agency's decision, Bio-Medical Applications of Arlington, Inc. v. Kenley, 4 Va. App. 414, 427, 358 S.E.2d 722, 729 (1987), the record proves that Honaker retired from the Department of Corrections when his doctor instructed him in October of 1991 to quit working because of ill health.  Honaker then exercised his right to use almost eight months of accumulated sick leave.

Prior to the expiration of his sick leave, Honaker met with a secretary employed by the Department.  The secretary read to him the retirement options that were available to him and completed his retirement forms.  Honaker alleged that the secretary told him she did not think he was eligible for disability retirement benefits and that she "just went ahead and marked" the regular retirement box.  Honaker began receiving regular retirement benefits for employment in June 1992.

2

The record also proved that in March 1992, prior to the expiration of his sick leave and while still employed, Honaker applied for Social Security disability benefits. His application for full disability retirement benefits from Social Security was approved.

In January 1993, Honaker applied to the Virginia Retirement System for disability benefits in connection with his employment with the Department. He filed the application after he discovered that a former employee, who had earned less than he, was drawing higher retirement benefits through her disability retirement. The Retirement System denied his application because it was untimely.

Code § 51.1-156, as it read at the time Honaker applied for retirement benefits, provided that "[a]ny member in service or within ninety days after termination of service . . . may retire for disability . . . upon written notification to the Board." Code § 51.1-156(A). Subsection (D) provided that "[t]he Board may waive the ninety-day requirement upon a showing of good cause." In another employment context, this Court has ruled that "good cause" is an objective standard, based upon the reasonableness of the actions taken. See Umbarger v. Virginia Employment Comm'n, 12 Va. App. 431, 434-36, 404 S.E.2d 380, 382-83 (1991).

The Retirement System ruled that Honaker failed to demonstrate good cause to waive the ninety-day requirement. The

3

evidence proved that Honaker knew the extent of his injuries before he retired and was aware of the option for disability retirement. Evidence in the record supports the Retirement System's decision that Honaker's reason for delaying his application for disability retirement does not constitute good cause. Honaker claims that he was misled by a secretary's statement that she did not believe he was entitled to disability benefits. The evidence does not support a conclusion that Honaker had a reasonable basis to rely on her judgment.

Honaker knew that he was leaving his employment because of ill health. He also knew that disability retirement was an option. Indeed, the record reflects that before his retirement date he applied for Social Security disability benefits. His reliance on a secretary's opinion and failure to further explore his retirement options simply was not reasonable. Substantial evidence in this record supports the Retirement System's decision. We cannot say that the record as a whole necessarily leads us to a different conclusion.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>