**CIRCUIT COURT OF THE CITY OF ROANOKE**

Brabham Petroleum Co.

v.

Virginia Alcoholic
Beverage Control Board

January 14, 2003

Case Nos. CH02-17, CH02-981, CH02-1034

BY JUDGE CLIFFORD R. WECKSTEIN

Brabham Petroleum Company appeals Alcoholic Beverage Control (ABC) Board decisions suspending the company's license to sell alcoholic beverages at four convenience stores it owns and operates. The appeals are before this court pursuant to Virginia Code § 9-6.14:16. By agreement, these three cases have been consolidated for argument and decision. The "entire evidential record" of the ABC Board's proceedings is before me. Va. Code § 9-6.14:17.

I must review the facts of each of these three cases in the light most favorable to the Board's action. In each case, I must accept the Board's determinations of fact unless I determine, based on the whole record, that no reasonable mind could have come to the conclusion that the Board reached. *Atkinson v. Alcoholic Beverage Control Comm.*, 1 Va. App. 172, 176, 336 S.E.2d 527 (1985) (citations omitted). "With respect to issues of fact," the duty of the court is limited by Va. Code § 9-6.14:17 to deciding whether the Board's record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Branch v. Dep't of Alcoholic Beverage Control*, 21 Va. App. 242, 251, 463 S.E.2d 340 (1995).

When "legal issues require a determination," however, "less deference is required and the reviewing courts should not abdicate their judicial function and merely rubber-stamp an agency determination." *Concerned Taxpayers v.*

*Department of Envtl. Quality*, 31 Va. App. 788, 802, 525 S.E.2d 628 (2000). In deciding whether the Board committed errors of law, however, I must give due weight to the presumption of official regularity and the ABC Board's experience and specialized competence; I must consider the purposes of the basic law under which the Board acted and whether the Board capriciously or arbitrarily abused its discretion. *Branch v. Dep't of Alcoholic Beverage Control, supra*, at 251; Va. Code § 9-6.14:17.

There is no material conflict in the evidence. In each of these cases, the Board found — and Brabham Petroleum acknowledges that evidence supports each finding — that a person under the age of twenty-one had purchased alcoholic beverages from Brabham Petroleum at a time when the corporation knew, or had reason to believe, that the purchaser was under twenty-one. Each sale took place at a location at which Brabham Petroleum had a license to sell wine and beer for off-premises consumption.

In Case No. CH02-17, a nineteen-year-old employee of the ABC Board purchased a six-pack of beer on December 8, 2000, at Lancer Truck Stop No. 5, 5151 Northfork Road, in Elliston, Virginia. Before the sale was consummated, the sales clerk examined the purchaser's Virginia driver's license, which showed her date of birth and the date on which she would turn 21. On December 21, 2000, at LancerMart No. 2, 1724 Bennington Street, in the City of Roanoke, Virginia, an employee of Brabham Petroleum sold alcoholic beverages to an underage buyer within an hour after the employee signed a memo acknowledging the consequences of making such a sale. For each of these sales, the Board (a) suspended the store's ABC license for fifteen days, but (b) provided that each suspension would end if and as soon as Brabham Petroleum paid a $2000 civil penalty.

In Case No. CH02-1034, a nineteen-year-old employee of the Board purchased a 22-ounce bottle of beer on October 3, 2001, at Lancer Travel Plaza, 5150 State Park Road, Dublin, Virginia. Before the sale was consummated, the sales clerk examined the purchaser's Virginia driver's license, which reflected her date of birth and the date on which she would turn twenty-one. In this case, the Board suspended the store's ABC license for twenty-five days, with the provision that the suspension would be terminated once a $2000 civil penalty was paid.

In Case No. CH02-981, the sale was made on May 3, 2002, at LancerMart No. 9, 2116 Hardy Road, Vinton, Virginia. For this violation, the Board suspended the store's ABC license for thirty days, but provided that, if a $2000 civil penalty was paid, the suspension would end after ten days.

Brabham Petroleum agrees that Virginia law forbids a licensee from selling alcoholic beverages to anyone whom the licensee knows, or has reason at the time to know, is under 21. *See* Va. Code §§ 4.1-304, 4.1-225; 3 VACS5-50-0. The essence of its argument is that the penalties the Board imposed were too heavy. In its penalty decisions, Brabham Petroleum argues, the Board failed to give adequate weight to a multitude of mitigating factors. These include, *inter alia,* an outstanding training program, implemented with the assistance of ABC Board officials and now administered by a retired ABC special agent who helped set up the program; a history of diligent cooperation with the ABC Board to comply with, and meet the objectives of, all rules and regulations governing alcoholic beverage sale; lack of prior violations at sites where these sales took place; strict admonition to employees, including those involved in these cases; discharge of the employee who made one of these sales; computerized systems to insure that the prospective purchaser's birth date is checked whenever alcohol or tobacco is sold; and the fact that, in one case, the Brabham Petroleum employee who asked the purchaser for a driver's license, apparently innocently miscalculated the applicable purchase age.[1] Brabham Petroleum notes that the Board's administrative hearing officers specifically found that the corporation's actions warranted mitigation of penalty. The Board's sanctions in these cases, the corporation asserts, are contrary to the purpose and intent of Virginia's ABC statutes.

"It has been said that the scope of court review under the Virginia APA [Administrative Procedure Act] is 'virtually identical' to that in the Federal Administrative Procedure Act." *State Bd. of Health v. Godfrey*, 223 Va. 423, 434, n. 6, 290 S.E.2d 875 (1982). Under the federal APA, according to the Court of Appeals for the Second Circuit, "it is old law, of course, that an agency sanction within statutory limits can be upset only if it reflects an abuse of discretion. [citations omitted] (review is 'highly deferential')." *Reddy v. CFTC*, 191 F.3d 109, 123 (2d Cir. 1999). The agency sanctions in these cases

---

[1] The corporation's president testified that the salesperson who made this sale "was two days short of being 48 at the time, which reading glasses are probably necessary at that age . . . even on the blown-up copy of that license, the print's pretty small under there, which is no excuse. I'm just saying when people are busy and things are going on, and that's not their only responsibility, sometimes it's easy to make a mistake. . . . It does something psychologically when someone hands you an ID and they're – you automatically assume they're 21 because most people don't have the courage to present one unless they are. So, I mean, that's no defense. Our only defense here is that we feel as a corporation we've done everything we possibly can." Case No. CH02-1034, Transcript of proceedings before Hearing Officer, at 21-22.

reflect no abuse of discretion. *See Holtzman Oil Corp. v. Commonwealth*, 32 Va. App. 532, 538, 529 S.E.2d 333 (2000); *cf. Norfolk School Bd. v. Wescott*, 254 Va. 218, 492 S.E.2d 146 (1997); *Ravindranathan v. Virginia Commonwealth Univ.*, 258 Va. 269, 519 S.E.2d 618 (1999). By statute, the Board has the power to "grant, suspend, and revoke licenses for the . . . distribution . . . and sale of alcoholic beverages" and to "assess and collect civil penalties and civil charges for violations of this title and Board regulations." Va. Code § 4.1-103(14) and (15). In an unpublished opinion that has no precedential value, *see* Va. Code § 17.1-413(A), the Court of Appeals rejected an argument that the Board "owed some degree of deference to the hearing officer's determination of punishment." *Paradox Corp. v. Virginia ABC Bd.*, No. 2333-94-1, slip op. at 3 (Va. App. 1995). Brabham Petroleum made a similar argument in this case. I find no abuse of discretion in the Board's decisions about the sanctions to impose in these cases, sanctions that were within its statutory authority, albeit greater than those set by the hearing officer. *See also Department of Prof'l & Occupational Regulation v. Abateco Servs.*, 33 Va. App. 473, 481-83, 534 S.E.2d 352, *reh'g granted* 34 Va. App. 43, 537 S.E.2d 616 (2000), *stay vacated and panel opn. aff'd by en banc court*, 35 Va. App. 644, 547 S.E.2d 529 (2001) (no constitutional violation when multiple civil penalties are imposed by different regulatory authorities for same conduct; total was "well below the maximum amount authorized by the General Assembly that could have been imposed in this case"); *cf., e.g., Belcher v. Commonwealth*, 17 Va. App. 44, 46, 435 S.E.2d 160 (1993) (Koontz, J.) (criminal sentence within statutory range, though greater than sentencing guidelines provided).

While attorney-discipline proceedings are *sui generis*, unique, they furnish a useful guide to the degree of deference that a circuit court should give to the agency's penalty decision in an appeal like this one. Unlike an APA appeal, in which the reviewing court presumes the correctness of factual findings, the Supreme Court conducts an independent examination of the whole record when it reviews an attorney-discipline order. Even in those cases, however, the penalty or sanction imposed is "viewed on appeal as prima facie correct." It will not be disturbed on appeal except for abuse of discretion. *Morrissey v. Virginia State Bar*, 260 Va. 472, 479, 538 S.E.2d 677 (2000); *El-Amin v. Virginia State Bar*, 257 Va. 608, 620, 514 S.E.2d 163 (1999). "In arriving at the punishment to be imposed" for unlawful sale of alcoholic beverages to an underage purchaser, it is fair to say that, as in bar discipline cases, "precedents are of little aid, and each case must be largely governed by its particular facts, and the matter rests in the sound discretion of the [Board]." *Maddy v. First Dist. Comm.*, 205 Va. 652, 658, 139 S.E.2d 56 (1964). The

factors to be applied in this decision fall within the specialized competence of the Board. Whether or not I would have imposed the same sanction is of no moment. *See Tucker v. Virginia State Bar*, 233 Va. 526, 533-34, 357 S.E.2d 525 (1987) (penalty imposed by Bar Disciplinary Board not disturbed on appeal, despite "the fact . . . that the Board imposed a penalty more severe than that which might have been chosen by a number of the members of this Court, had they been in the Board's position); *McQuay v. Arkansas State Bd. of Architects*, 337 Ark. 339, 347, 989 S.W.2d 499, 502-03 (1999) ("an action is not arbitrary simply because the reviewing court would act differently"). I cannot say that the ABC Board failed to give proper weight to mitigating factors. Rather, the record of proceedings before the Board, as well as the sanctions themselves, demonstrate conscientious efforts to fashion sanctions that were suitable under all of the circumstances of these cases.

The court will therefore deny each of Brabham Petroleum's petitions for relief.