## Richmond

## HAROLD WILLIAM CARTERA
### v.
## COMMONWEALTH OF VIRGINIA

November 22, 1978.

Record No. 771868.

Present: All the Justices.

*John H. McLees, Jr. (Chess, Durrette & Roeder,* on brief). for appellant.

*Alan Katz, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief),for appellee.

PER CURIAM.

Convicted by a jury of two counts of forcible rape and two counts of forcible sodomy, the defendant, Harold William Cartera, was sentenced in accordance with the verdicts to serve a total of 34 years in the penitentiary. On appeal, the dispositive question is whether the trial court erred in admitting into evidence certain portions of the testimony of a physician who examined and treated the rape victims after the offenses occurred.

The Commonwealth's evidence shows that on November 7, 1973, the victims, two 14-year-old girls, were hitchhiking in the Reston area of Fairfax County when they accepted a ride from a man with whom they were unacquainted. Promising to drive the girls to their destination, the man drove instead to an isolated construction site and there raped and sodomized the girls. Both victims identified the defendant as their assailant. He denied complicity in the offenses.

Called as a witness by the Commonwealth, Dr. William F. Enos testified that he examined and treated the two girls several hours after the offenses occurred. Over the objection of defense counsel, Dr. Enos was permitted to repeat statements made to him by the two girls in which they not only detailed the circumstances of the attacks upon them but also provided a description of their assailant. Doctor Enos further was permitted to state his conclusion, based upon "the history, the physical examination and the laboratory results," that the girls had been raped.

■ The defendant contends that the statements made to Dr. Enos concerning the circumstances of the offenses and the description of the assailant were hearsay and that the admission of the statements into evidence was error. This error, the defendant says, was compounded by the fact that Dr. Enos was permitted to state his conclusion that the girls had been raped.

We agree with the defendant. It is undisputed that the challenged statements were hearsay. The Attorney General argues, however, that the statements were admissible under the exception to the hearsay rule which permits a physician to testify to a patient's statements concerning his "past pain, suffering and subjective symptoms" to show "the basis of the physician's opinion as to the nature of the injuries or illness."

We acknowledge the exception to the hearsay rule espoused by the Attorney General. We do not believe, however, that the exception saves the testimony in dispute here. This testimony goes beyond a recital of "past pain, suffering and subjective symptoms." Furthermore, the conclusion stated by Dr. Enos that the two victims had been raped is something quite different from an opinion "as to the nature of the injuries or illness" suffered by the victims.

■ Under a rule unique to rape cases, evidence of an out-of-court complaint by an alleged rape victim is admissible, not as independent evidence of the offense, but as corroboration of the victim's testimony. *Pepoon* v. *Commonwealth*, 192 Va. 804, 810, 66 S.E.2d 854, 858 (1951). Only the fact that the complaint was made, however, is admissible; neither the details of the alleged offense nor a description of the alleged assailant, as reported by the

victim, may be admitted. *Herron* v. *Commonwealth*, 208 Va. 326, 330, 157 S.E.2d 195, 198 (1967); *Brogy* v. *Commonwealth*, 51 Va. (10 Gratt.) 722 (1853).

In any proper case, an expert witness may be permitted to express his opinion upon matters not within common knowledge or experience. Opinion testimony, however, is not admissible "upon the precise or ultimate fact in issue." *Webb* v. *Commonwealth*, 204 Va. 24, 33, 129 S.E.2d 22, 29 (1963).

Thus, while it was proper to permit Dr. Enos to testify to the victims' complaints that they had been raped and to state his observations of the girls' physical and emotional conditions, it was improper to permit him to recite the details of the offenses and the description of the assailant, as reported to him by the victims. It was proper also to permit the doctor to state what examinations and tests he performed upon the victims and what medical conclusions he reached as a result. But it was improper to permit the doctor to express his opinion that the girls had been raped. Whether rape had occurred was the precise and ultimate issue in the case. Determination of this issue did not require special knowledge or experience. To permit the doctor to express his opinion upon the subject invaded the province of the jury.

Neither can we agree with the Attorney General that, excluding the disputed testimony, the other evidence against the defendant is so overwhelming that any error in the admission of the testimony is rendered harmless. While the other evidence amply supports the jury's verdicts, the disputed testimony may well have affected the jury's decision. Accordingly, we conclude that the error in admitting the testimony was prejudicial to the defendant.

For the reasons assigned, the convictions of the defendant will be reversed, and the case will be remanded for a new trial.

*Reversed and remanded.*