COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia

JAKE THOMAS TAYLOR

v.        Record No. 0957-94-4              OPINION BY
                                      JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                    JANUARY 23, 1996

            FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
                   James M. Lumpkin, Judge Designate

        Roy D. Bradley, Assistant Public Defender, for appellant.

        Robert B. Condon, Assistant Attorney General (James S.
        Gilmore, III, Attorney General, on brief), for appellee.


        Jake Thomas Taylor (appellant) was convicted in a jury trial
of attempted rape, sexual battery, attempted forcible sodomy, and
breaking and entering with the intent to commit rape while armed
with a deadly weapon.  On appeal, he argues that the trial court
erred in:  (1) allowing an expert witness to testify about the
victim's posttraumatic stress disorder and thus corroborate the
victim's testimony, and (2) finding the evidence sufficient to
support the convictions.  For the reasons that follow, we affirm
the judgment of the trial court.

                            **BACKGROUND**

        On October 19, 1993, the victim awoke at approximately 9:00
a.m. when she heard a noise at the door of her trailer.  While
sitting on her bed, she saw a person dressed in a camouflage
outfit coming toward her.  Although the intruder's face was
covered, the victim believed that she recognized the intruder
because of his build.  She testified that she said, "Tommy," the

name she called appellant, who was her neighbor and an acquaintance of her male friend.

The intruder pushed the victim prone on the bed, bound her hands behind her back, and taped her mouth. The victim struggled as the intruder fondled her breast, inserted his fingers in her vagina, attempted to insert his penis in her mouth, and attempted to have sexual intercourse with her. While struggling, the victim freed one of her hands and tore off the intruder's mask, which allowed her to see his nose and lips. She testified that this view of the intruder's nose and lips confirmed her belief that the intruder was the man she called "Tommy," the appellant.

The victim identified a camouflage outfit that the police seized from appellant's apartment as the clothing worn by her attacker. She recalled that the shirt was "faded, . . . had holes in it, and [had] the same design." She further testified that, during the half hour the intruder was in her trailer, she clearly saw his clothing and heard his voice when he engaged in extensive conversations with her. At trial, she identified appellant as the intruder.

Appellant testified at trial and denied involvement in this incident. He testified that he got out of bed between 9:00 a.m. and 9:30 a.m. and went to the Laurel Mills store to buy coffee. He lived directly behind the store, which was located one-quarter mile from the victim's trailer. At approximately 9:30 a.m., Harlan Coffey (Coffey) knocked on appellant's door to borrow a

2

cooler.  Appellant went with Coffey into the store's parking lot.
 Five people, including Coffey, verified appellant's presence at
the store at 9:30 a.m.

### EXPERT TESTIMONY

Appellant contends that the trial court erred in allowing
Peggy Christensen (Christensen), a licensed clinical social
worker, to testify that the victim suffered from posttraumatic
stress disorder.  Appellant's argument is that, by corroborating
the victim's version of the events, Christensen's testimony was
used to enhance the victim's credibility, and this use invaded
the jury's function of determining the credibility of witnesses.
 In overruling appellant's objections at trial, the trial judge
stated:  "I will instruct the Commonwealth that [Christensen's]
not to give any opinion as to the victim's truthfulness.  Other
than that, the Court will rule that the Commonwealth has the
right to call an expert witness as to counseling."

At trial, Christensen testified that, three months after the
reported incident, she began counseling the victim.  The victim
told Christensen that she had been sexually assaulted and was
"having a great deal of symptoms that were making it difficult
for her to feel safe and functional."  Christensen described the
victim's symptoms, including violent nightmares involving the
intruder, sleep disturbances, recurrent flashbacks, and
difficulty being around men.  Christensen "found [the victim] to

3

be suffering from posttraumatic stress disorder,"[1] explained how she reached her diagnosis from the symptoms that the victim related, and testified that posttraumatic stress disorder may afflict "anyone who has had a traumatic event outside of normal human experience that would be markedly distressing to almost anyone." Additionally, Christensen identified and explained the four criteria necessary to diagnose posttraumatic stress disorder. Applying these criteria to the victim, Christensen expressed her professional opinion that the victim demonstrated the requisite number of criteria to support a diagnosis of posttraumatic stress disorder. Christensen did not recount any details of the rape that the victim may have told her.

Appellant asserts that Christensen commented on the credibility of the victim when she testified that she "had to decide whether [she] believed [the victim] or not" and acknowledged that the correctness of her diagnosis of posttraumatic stress disorder depended upon whether she believed the victim's history regarding her symptoms. However, these

---

[1]Christensen testified that posttraumatic stress disorder is recognized in the profession as a mental disorder and that the criteria for diagnosis are set forth in the Diagnostic and Statistical Manual, a recognized text in her field. See Diagnostic and Statistical Manual of Mental Disorders § 309.89, at 247-352 (3d ed. rev. 1987).

4

statements were in response to cross-examination by defense counsel and were not elicited by the Commonwealth. During her testimony on direct examination, Christensen never stated that she believed the victim was telling the truth or that she believed the victim had been sexually assaulted.

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Crews v. Commonwealth, 18 Va. App. 115, 118, 442 S.E.2d 407, 409 (1994) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). "[E]xperts in criminal cases must testify on the basis of their own personal observations or on the basis of evidence adduced at trial." Buchanan v. Commonwealth, 238 Va. 389, 416, 384 S.E.2d 757, 773 (1989), cert. denied, 493 U.S. 1063 (1990). In this case, Christensen's diagnosis was based on her personal clinical observations of the victim during ten therapy sessions and on the victim's description of her problems and fear resulting from the incident.

"Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). "Once evidence is determined to be relevant and material, '[t]he responsibility for balancing . . . probative value and prejudice rests in the sound discretion of the trial court,' and its decision 'will not be disturbed on appeal in the

5

absence of a clear abuse.'" Wilkins v. Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 443 (1994) (en banc) (quoting Ferrell v. Commonwealth, 11 Va. App. 380, 390, 399 S.E.2d 614, 620 (1990)). In a prosecution for rape, "[t]he physical and mental condition, as well as the conduct of the prosecutrix, . . . is always admissible. The remoteness of the examination by a physician [or therapist], from the date of the crime, affects its probative force, but not necessarily its admissibility." Loving v. Commonwealth, 165 Va. 761, 765, 182 S.E. 224, 225 (1935) (emphasis added).[2] See also Elam v. Commonwealth, 229 Va. 113, 115, 326 S.E.2d 685, 686-87 (1985) (holding medical and forensic evidence of physical injury to be sufficient circumstantial evidence, along with other evidence, to prove rape, despite the prosecutrix's testimony that she did not believe she had been raped); Tuggle v. Commonwealth, 228 Va. 493, 510-11, 323 S.E.2d 539, 549-50 (1984) (holding medical evidence of physical injuries

---

[2]Similarly, this Court has held that expert testimony on battered child syndrome "'is not an opinion regarding the culpability of any particular defendant. . . . [It] merely tends to show that the child was intentionally, rather than accidentally, injured.'" Price v. Commonwealth, 18 Va. App. 760, 765, 446 S.E.2d 642, 645 (1994) (quoting Commonwealth v. Rodgers, 528 A.2d 610, 614 (Pa. Super. Ct. 1987), appeal denied, 542 A.2d 1368 (Pa. 1988)).

sufficient as circumstantial evidence to prove rape), judgment vacated on other grounds, 471 U.S. 1096 (1985).

We reject appellant's argument that Christensen's testimony constituted a comment on the victim's credibility. Christensen testified only as to the history of the victim's symptoms, her clinical observations of the victim, and her diagnosis of the victim's emotional disorder based upon those symptoms. Christensen did not testify about any details of the attack, give the victim's version of the offense, or testify that she believed the victim was telling the truth. She merely testified that, based on her observations of the victim, the victim was suffering from posttraumatic stress disorder caused by some traumatizing event. Additionally, any comment as to whether Christensen believed the victim was raised solely during the cross-examination of Christensen.

Davison v. Commonwealth, 18 Va. App. 496, 445 S.E.2d 683 (1994), relied on by appellant, is readily distinguishable from the instant case. In Davison, this Court held that the trial court erred by allowing a "therapist" to testify concerning the "phenomenon of recanting" to explain why a child would give an extrajudicial statement different from the child's testimony and initial account of a sexual assault. Id. at 498-99, 445 S.E.2d at 684-85. The witness in Davison, who had read one article on recantation, was permitted to testify as to whether a child's recantation should be disbelieved. Id. at 500-01, 445 S.E.2d at

7

685-86. We held that the therapist's testimony was inadmissible for a number of reasons, including that the witness was offering an opinion about why the child's testimony should be believed and why a prior inconsistent statement should be disbelieved. Id. at 503, 445 S.E.2d at 687. No such testimony was elicited in this case.

We hold that evidence of an emotional or psychological injury such as posttraumatic stress disorder, like medical evidence of physical injury, is relevant as circumstantial evidence of the occurrence of a traumatizing event. In this case, Christensen's testimony corroborated the fact that the victim had suffered a traumatizing event, as evidenced by her mental condition, and constituted neither the expression of an opinion on the victim's credibility, nor an opinion as to which version of events should be accepted by the jury.

## SUFFICIENCY OF THE EVIDENCE

On appeal, appellant argues that insufficient evidence supports his convictions because of inconsistencies in the victim's testimony, and that the circumstantial evidence produced at trial did not exclude every reasonable hypothesis of innocence. However, in his motion to strike made at the end of the Commonwealth's case, appellant's counsel argued only that the evidence failed to establish that the intruder was armed with a deadly weapon when breaking and entering, and that the sexual battery charge was a lesser-included offense of the attempted

rape and attempted forcible sodomy charges.  Appellant's counsel renewed the motion to strike at the end of appellant's case based on the "same argument."

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ."  Rule 5A:18.  See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).  At trial, appellant failed to raise the specific arguments he now raises on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.  Thus, Rule 5A:18 bars our consideration of these arguments on appeal.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.


Benton, J., dissenting.


In his pretrial argument concerning the admissibility of testimony from a social worker who counseled the victim three months after the incident, the prosecutor proffered that her testimony was "corroboration" of the victim's testimony.  The Commonwealth asserted that the social worker would testify that "nothing in [the victim's] personal history show[ed] a traumatic event that would lead to . . . [the victim's post-traumatic stress] other than her reported sexual attack."  No reason other

9

than this credibility enhancement was offered.  The trial judge overruled Taylor's objections that the social worker's testimony was not relevant to prove Taylor's guilt, that her testimony contained hearsay, and that her testimony improperly bolstered the testimony of the victim by invading the jury's function to determine the victim's credibility.

The holding in Davison v. Commonwealth, 18 Va. App. 496, 445 S.E.2d 683 (1994), should guide this decision:

> In proffering [the therapist] as an expert, it was the prosecutor's intent to bolster the truth of [the victim's] testimony at trial. It is well settled that an expert may not "express an opinion as to the veracity of any witness."  The prosecutor's question to [the therapist] specifically concerned the testimony of a "particular . . . witness" and, thus, was clearly "intended to elicit an opinion" of veracity.  Such evidence is a comment on an ultimate fact within the province of the jury and must be excluded by the trial court.

Id. at 504, 445 S.E.2d at 688 (citations omitted).  See also Coppola v. Commonwealth, 220 Va. 243, 252, 257 S.E.2d 797, 803 (1979), cert. denied, 444 U.S. 1103 (1980).

At trial, the victim testified that Taylor was the intruder who sexually assaulted her.  Taylor denied that he was the intruder.  Thus, the victim's identification of Taylor as her assailant was crucial to the Commonwealth's case.  Her credibility as a witness, therefore, was at issue.  See Taylor v. Commonwealth, 3 Va. App. 59, 62-63, 348 S.E.2d 36, 38 (1986). The resolution of this conflicting testimony presented an

ultimate issue of fact as to the identity of the intruder.  See Evans-Smith v. Commonwealth, 5 Va. App. 188, 209-10, 361 S.E.2d 436, 448 (1987).

Over Taylor's renewed objection, the social worker testified as an expert witness for the Commonwealth.  She testified that three months after the reported incident she began the first of ten counseling sessions with the victim.  The social worker related statements of the victim, including the victim's complaints of violent nightmares, sleep disturbances, recurrent flashbacks, difficulty being around men, and "having a great deal of symptoms that were making it difficult for her to feel safe and functional."  In addition, however, the social worker testified that the victim told her that she had "been the victim of a sexual assault."

In his questioning of the social worker, the prosecutor asked for a diagnosis "based on this information you received from [the victim]."  The social worker testified that she made an "assessment" of the victim based upon the victim's own statements to her more than three months after reporting the event.  From the information contained in these statements, the social worker opined that the victim suffered from post-traumatic stress disorder.  She explained that the disorder is caused by "a traumatic event outside of normal human experience that would be markedly distressing to almost anyone."

Assuming as true that the victim suffered from post-

11

traumatic stress disorder and assuming the social worker was capable of making that diagnosis, the social worker implicitly told the jury that the cause of that condition was the sexual assault that the victim said she had experienced three months before the victim visited the social worker and not any other cause. Without any support other than the victim's oral history, the social worker's diagnosis of post-traumatic stress disorder "was only a thinly veiled way of stating that [the victim] was telling the truth." United States v. Whitted, 11 F.3d 782, 787 (8th Cir. 1993). The social worker's testimony, offered by the Commonwealth in "corroboration" of the victim's testimony, had no relevancy to the issues in this case other than to bolster the victim's credibility by revealing that the victim's version of events mirrored the therapist's descriptions and that the therapist believed the victim was telling the truth. Davison, 18 Va. App. at 504, 445 S.E.2d at 688. Because Davison prohibits such evidence as comment upon an ultimate fact, the trial judge erred in admitting her testimony. Id. Thus, I would hold that the social worker's testimony impermissibly bolsters the victim's testimony, contrary to the ruling in Davison.

None of the cases cited by the majority supports its conclusion that such testimony is admissible. While the victim's physical and mental condition may be admissible in a rape trial, see Loving v. Commonwealth, 165 Va. 761, 182 S.E. 224 (1935), Taylor was not prosecuted for rape. In addition, in Loving, the

12

doctor testified concerning the victim's physical and mental condition after the defense raised the issue during cross-examination of the victim.  Id. at 765, 182 S.E. at 225.  In this case, the prosecution, not Taylor, first interjected the victim's mental condition on direct examination of the victim.  The majority's decision broadly approves the admission of a social worker's testimony recounting a victim's statements made three months after an event.

The expert testimony in both Elam v. Commonwealth, 229 Va. 113, 326 S.E.2d 685 (1985), and Tuggle v. Commonwealth, 228 Va. 493, 323 S.E.2d 539 (1984), vacated and remanded on other grounds, 471 U.S. 1096 (1985), concerned physical injuries as evidence of rape.  In Elam, the Court allowed medical evidence of the tearing of skin to prove penetration when the victim did not know whether the assailant had raped her during the assault.  229 Va. at 115, 326 S.E.2d at 686-87.  In Tuggle, the Commonwealth introduced medical evidence to prove that the dead victim had been raped during the commission of murder.  228 Va. at 510-11, 323 S.E.2d at 549.

Nothing in Loving, Elam, or Tuggle sanctions the result reached in this case.  Here, a social worker recounted a person's complaint that the person was a victim of the crime at issue and, thus, bolstered the person's credibility and promoted the veracity of the victim in a manner not heretofore approved in Virginia.  The social worker's testimony was "no more than [the

13

victim's] testimony dressed up and sanctified as the opinion of an expert." Viterbo v. Dow Chemical Co., 826 F.2d 420, 424 (5th Cir. 1987). "The [social worker] corroborated [the victim's] story under the guise of a scientific diagnosis and effectively told the jury [the defendant] had committed a crime." Whitted, 11 F.3d at 787. I would hold the evidence inadmissible.

Moreover, Virginia law recognizes no exception to the hearsay rule that would permit a social worker to testify concerning a complainant's statement, made three months after an incident, that the complainant was a victim of the particular crime being prosecuted. In Cartera v. Commonwealth, 219 Va. 516, 248 S.E.2d 784 (1978), the Supreme Court of Virginia "acknowledge[d] the exception to the hearsay rule" that renders admissible statements made to physicians "concerning [a patient's] 'past pain, suffering and subjective symptoms' to show 'the basis of the physician's opinion as to the nature of the injuries or illness.'" Id. at 518, 248 S.E.2d at 786. See also Mackall v. Commonwealth, 236 Va. 240, 372 S.E.2d 759 (1988), cert. denied, 492 U.S. 925 (1989). The Court in Cartera declined, however, to apply the exception to statements "concerning the circumstances of the offenses and the description of the assailant" made by the rape victims. 219 Va. at 518, 248 S.E.2d at 785. The Court declined to do so because "[t]his testimony goes beyond a recital of 'past pain, suffering and subjective symptoms.'" Id. at 518, 248 S.E.2d at 786.

14

The testimony that the trial judge admitted in this case is analogous to the testimony the Supreme Court barred in <u>Cartera</u>. The social worker's testimony that the victim told her she had been the victim of a "sexual assault" was hearsay evidence of the circumstances of the particular offense. As in <u>Cartera</u>, the statement was a description of events related to the alleged offense and not a statement of symptoms. Thus, for this reason, I would also hold that the trial judge erred in admitting the social worker's testimony that the victim said she had been sexually abused.