BENTON, Judge,
dissenting.
In his pretrial argument concerning the admissibility of testimony from a social worker who counseled the victim three months after the incident, the prosecutor proffered that her testimony was “corroboration” of the victim’s testimony. The Commonwealth asserted that the social worker would testify that “nothing in [the victim’s] personal history show[ed] a traumatic event that would lead to ... [the victim’s post-traumatic stress] other than her reported sexual attack.” No reason other than this credibility enhancement was offered. The trial judge overruled Taylor’s objections that the social worker’s testimony was not relevant to prove Taylor’s guilt, that her testimony contained hearsay, and that her testimony improperly bolstered the testimony of the victim by invading the jury’s function to determine the victim’s credibility.
The holding in Davison v. Commonwealth, 18 Va.App. 496, 445 S.E.2d 683 (1994), should guide this decision:
In proffering [the therapist] as an expert, it was the prosecutor’s intent to bolster the truth of [the victim’s] testimony at trial. It is well settled that an expert may not “express an opinion as to the veracity of any witness.” The prosecutor’s question to [the therapist] specifically concerned the testimony of a “particular ... witness” and, thus, was clearly “intended to elicit an opinion” of veracity. Such evidence is a comment on an ultimate fact within the province of the jury and must be excluded by the trial court.
Id. at 504, 445 S.E.2d at 688 (citations omitted). See also Coppola v. Commonwealth, 220 Va. 243, 252, 257 S.E.2d 797, 803 (1979), cert. denied, 444 U.S. 1103, 100 S.Ct. 1069, 62 L.Ed.2d 788 (1980).
*567 At trial, the victim testified that Taylor was the intruder who sexually assaulted her. Taylor denied that he was the intruder. Thus, the victim’s identification of Taylor as her assailant was crucial to the Commonwealth’s case. Her credibility as a witness, therefore, was at issue. See Taylor v. Commonwealth, 3 Va.App. 59, 62-63, 348 S.E.2d 36, 38 (1986). The resolution of this conflicting testimony presented an ultimate issue of fact as to the identity of the intruder. See Evans-Smith v. Commonwealth, 5 Va.App. 188, 209-10, 361 S.E.2d 436, 448 (1987).
Over Taylor’s renewed objection, the social worker testified as an expert witness for the Commonwealth. She testified that three months after the reported incident she began the first of ten counseling sessions with the victim. The social worker related statements of the victim, including the victim’s complaints of violent nightmares, sleep disturbances, recurrent flashbacks, difficulty being around men, and “having a great deal of symptoms that were making it difficult for her to feel safe and functional.” In addition, however, the social worker testified that the victim told her that she had “been the victim of a sexual assault.”
In his questioning of the social worker, the prosecutor asked for a diagnosis “based on this information you received from [the victim].” The social worker testified that she made an “assessment” of the victim based upon the victim’s own statements to her more than three months after reporting the event. From the information contained in these statements, the social worker opined that the victim suffered from post-traumatic stress disorder. She explained that the disorder is caused by “a traumatic event outside of normal human experience that would be markedly distressing to almost anyone.”
Assuming as true that the victim suffered from posttraumatic stress disorder and assuming the social worker was capable of making that diagnosis, the social worker implicitly told the jury that the cause of that condition was the sexual assault that the victim said she had experienced three months before the victim visited the social worker and not any other *568 cause. Without any support other than the victim’s oral history, the social worker’s diagnosis of post-traumatic stress disorder “was only a thinly veiled way of stating that [the victim] was telling the truth.” United States v. Whitted, 11 F.3d 782, 787 (8th Cir.1993). The social worker’s testimony, offered by the Commonwealth in “corroboration” of the victim’s testimony, had no relevancy to the issues in this case other than to bolster the victim’s credibility by revealing that the victim’s version of events mirrored the therapist’s descriptions and that the therapist believed the victim was telling the truth. Davison, 18 Va.App. at 504, 445 S.E.2d at 688. Because Davison prohibits such evidence as comment upon an ultimate fact, the trial judge erred in admitting her testimony. Id. Thus, I would hold that the social worker’s testimony impermissibly bolsters the victim’s testimony, contrary to the ruling in Davison.
None of the cases cited by the majority supports its conclusion that such testimony is admissible. While the victim’s physical and mental condition may be admissible in a rape trial, see Loving v. Commonwealth, 165 Va. 761, 182 S.E. 224 (1935), Taylor was not prosecuted for rape. In addition, in Loving, the doctor testified concerning the victim’s physical and mental condition after the defense raised the issue during cross-examination of the victim. Id. at 765, 182 S.E. at 225. In this case, the prosecution, not Taylor, first interjected the victim’s mental condition on direct examination of the victim. The majority’s decision broadly approves the admission of a social worker’s testimony recounting a victim’s statements made three months after an event.
The expert testimony in both Elam v. Commonwealth, 229 Va. 113, 326 S.E.2d 685 (1985), and Tuggle v. Commonwealth, 228 Va. 493, 323 S.E.2d 539 (1984), vacated and remanded on other grounds, 471 U.S. 1096, 105 S.Ct. 2315, 85 L.Ed.2d 835 (1985), concerned physical injuries as evidence of rape. In Elam, the Court allowed medical evidence of the tearing of skin to prove penetration when the victim did not know whether the assailant had raped her during the assault. 229 Va. at 115, 326 S.E.2d at 686-87. In Tuggle, the Common *569 wealth introduced medical evidence to prove that the dead victim had been raped during the commission of murder. 228 Va. at 510-11, 323 S.E.2d at 549.
Nothing in Loving, Elam, or Tuggle sanctions the result reached in this case. Here, a social worker recounted a person’s complaint that the person was a victim of the crime at issue and, thus, bolstered the person’s credibility and promoted the veracity of the victim in a manner not heretofore approved in Virginia. The social worker’s testimony was “no more than [the victim’s] testimony dressed up and sanctified as the opinion of an expert.” Viterbo v. Dow Chemical Co., 826 F.2d 420, 424 (5th Cir.1987). “The [social worker] corroborated [the victim’s] story under the guise of a scientific diagnosis and effectively told the jury [the defendant] had committed a crime.” Whitted, 11 F.3d at 787. I would hold the evidence inadmissible.
Moreover, Virginia law recognizes no exception to the hearsay rule that would permit a social worker to testify concerning a complainant’s statement, made three months after an incident, that the complainant was a victim of the particular crime being prosecuted. In Cartera v. Commonwealth, 219 Va. 516, 248 S.E.2d 784 (1978), the Supreme Court of Virginia “acknowledge^] the exception to the hearsay rule” that renders admissible statements made to physicians “concerning [a patient’s] ‘past pain, suffering and subjective symptoms’ to show ‘the basis of the physician’s opinion as to the nature of the injuries or illness.’ ” Id. at 518, 248 S.E.2d at 786. See also Mackall v. Commonwealth, 236 Va. 240, 372 S.E.2d 759 (1988), cert, denied, 492 U.S. 925, 109 S.Ct. 3261, 106 L.Ed.2d 607 (1989). The Court in Cartera declined, however, to apply the exception to statements “concerning the circumstances of the offenses and the description of the assailant” made by the rape victims. 219 Va. at 518, 248 S.E.2d at 785. The Court declined to do so because “[t]his testimony goes beyond a recital of ‘past pain, suffering and subjective symptoms.’ ” Id. at 518, 248 S.E.2d at 786.
*570 The testimony that the trial judge admitted in this case is analogous to the testimony the Supreme Court barred in Cartera. The social worker’s testimony that the victim told her she had been the victim of a “sexual assault” was hearsay evidence of the circumstances of the particular offense. As in Cartera, the statement was a description of events related to the alleged offense and not a statement of symptoms. Thus, for this reason, I would also hold that the trial judge erred in admitting the social worker’s testimony that the victim said she had been sexually abused.