MOON, Chief Judge,
with whom BAKEK and ANNUNZIATA, Judges, join, concurring in part and dissenting in part.
I concur with the majority opinion insofar as it holds that the judgment should be affirmed because any error in the trial court was harmless error. However, I disagree with the majority that the child’s statement concerning having been “sexed” was admissible under the guise of allowing the expert to explain the basis of his opinion.
I concur with Judge Benton’s dissent’s conclusion that the child’s statement was inadmissible under Cartera v. Commonwealth, 219 Va. 516, 248 S.E.2d 784 (1978). It is also important to recognize that in criminal trials in Virginia, an expert generally may not base his opinion on inadmissible evidence. See Simpson v. Commonwealth, 227 Va. 557, 566, 318 S.E.2d 386, 391 (1984); cf. Code § 8.01-401.1 (expert opinion in civil cases may be based on inadmissible evidence). While a qualified psychologist may testify as an expert witness in a criminal case and render an opinion based in part on interviews with the subject, see Rollins v. Commonwealth, 207 Va. 575, 580-81, 151 S.E.2d 622, 625-26 (1966), he may not place in the record inadmissible statements made to him during the evaluation process. See Greenfield v. Commonwealth, 214 Va. 710, 714, 204 S.E.2d 414, 418 (1974) (affirming trial court’s exclusion of hearsay evidence offered to support a psychiatric opinion).
The majority’s decision allows for the admission of evidence not previously permitted in Virginia criminal cases. Because the majority also holds that whether the evidence was admissi *524 ble or not, the conviction should be affirmed, I .would not issue a definitive ruling, but would instead wait until such time as the General Assembly enacts or the Supreme Court adopts a new rule of evidence.[6]
This ruling opens the door for considerable mischief through the manipulation of hired expert witnesses. It provides an opportunity for parties to get before the jury potentially prejudicial evidence that could not otherwise be admitted. A criminal defendant, without subjecting himself to cross-examination, could put his version of an incident before the jury under the guise of testimony from his psychiatrist explaining the basis for the psychiatrist’s testimony. The prosecution could use a psychiatrist or psychologist to place statements in the record that would not otherwise be admissible and which could not withstand cross-examination.
Even if the child’s statement might be admissible under the standards suggested in the proposed rule, see n.6, supra, I do not believe that a proper foundation was laid to admit the statement. The child’s statement that he had been “sexed,” made during one of more than ten counseling sessions, surely was not essential to diagnosis of an “adjustment disorder.” Nor was it necessary for a proper understanding of the basis of the expert’s opinion. The majority opinion graphically describes the child’s apparent sexual knowledge. The psychologist would likely have made the same diagnosis without the child’s statement that he had been “sexed,” and he surely *525 could have explained his diagnosis to the jury without recounting this statement.
Accordingly, I concur in the result reached by the majority but dissent insofar as the opinion holds that the child’s statement to the psychiatrist was admissible.

. The issue raised in this case has been the subject of much study and debate. The Committee to Draft Rules of Evidence for Virginia on November 10, 1984, approved a draft of proposed Virginia Rule 705, Disclosure of Facts and Data, as follows:
The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts and data, unless the court directs otherwise. On direct examination, an expert may not testify to facts or data otherwise inadmissible unless the court determines that such facts or data or a summary thereof are necessary for a proper understanding of the basis for the expert’s opinion and that such testimony would not unfairly prejudice an opposing party. A cross-examiner may require the expert to disclose the facts or data on which an opinion or inference is based.