SENIOR JUSTICE POFF, with whom JUSTICE LACY and JUSTICE KEENAN
join, dissenting.
The issue before this Court turns upon the testimony of a registered nurse employed by a hospital as a “Sexual Assault Nurse Examiner”. The nurse qualified in the trial court as an expert in the examination of victims of sexual assault. Asked to explain the term *100 “human sexual response”, the witness testified that “the first phase is when the person is sexually excited causing lubricant to form in the vaginal area” and that the “second part of that causes some actual structural changes” that enlarge access through “the vaginal opening”. Basing her testimony on a doctor’s report of his examination, the nurse said that Hucaby had sustained a “half a centimeter laceration just below ... the vaginal opening.”
Responding to questions posed by the prosecutor, the nurse then testified as follows:
Question: Please tell the ladies and gentlemen of the jury whether these injuries were consistent with a woman having sex for the first time.
Answer: They are not consistent with a virgin having sex for the first time.
Question: Could you please repeat that?
Answer: I said that the injuries, when a virgin has sex for the first time this is not a typical area for an injury to be.
Question: And we’re speaking of consensual?
Answer: Correct.
The trial judge overruled Hussen’s objection to that testimony.
The nurse’s statement that the situs of Hucaby’s injury was “not a typical area for an injury to be” and her acknowledgement that she was “speaking of consensual” was an expression of her expert opinion that the injury was the result of a sexual assault. The import of that language was reinforced by the nurse’s further testimony when she agreed that “when the human sexual response is triggered . . . injuries do not occur.” Clearly, a lay juror would conclude that such testimony reflects the opinion of a witness, a witness qualified by the trial judge as an expert, that Hucaby’s injury was one suffered by a person whose sexual response had not been triggered, i.e., that the sexual conduct was not consensual.
“We consistently have held that the admission of expert opinion upon an ultimate issue of fact is impermissible because it invades the *101 function of the fact finder.” Llamera v. Commonwealth, 243 Va. 262, 264, 414 S.E.2d 597, 598 (1992) (holding inadmissible expert’s opinion that quantity of cocaine seized was inconsistent with personal use and consistent with intent to distribute). Such an invasion of the function of the fact finder “implicates the due process and fair trial guarantees of the Constitution of the United States.” Jenkins v. Commonwealth, 254 Va. 333, 336, 492 S.E.2d 131, 132 (1997) (error in admission of expert opinion that child had been sexually abused was not harmless). As we said in Cartera v. Commonwealth, 219 Va. 516, 519, 248 S.E.2d 784, 786 (1978), “it was improper to permit the doctor to express his opinion that the girls had been raped. Whether rape had occurred was the precise and ultimate issue in the case.” See also Bond v. Commonwealth, 226 Va. 534, 537, 311 S.E.2d 769, 771 (1984) (murder conviction reversed because expert “ruled out” possibility of suicide and accident and classified victim’s death as “result of a homicide”).
Notwithstanding our decisions in these cases, the Commonwealth contends that “the Court of Appeals has held it proper for an expert to opine that a quantity of drugs in a defendant’s possession was not consistent with personal use.” The Commonwealth relies upon Davis v. Commonwealth, 12 Va. App. 728, 406 S.E.2d 922 (1991). But Davis did not hold that such testimony is “proper” if it constitutes an expert opinion on an ultimate fact in issue. Rather, the court held that the testimony was admissible only because it had not “violated this long-established rule.” Id. at 731, 406 S.E.2d at 924. Specifically, the court said that “we find that [the expert’s] testimony . . . did not constitute an opinion that Davis had an intent to distribute the marijuana found in his house.”[1] Id. at 732, 406 S.E.2d at 924.
Citing ten other decisions of the Court of Appeals in criminal drug cases[2], the Commonwealth also argues that “as a matter of *102 practice such [expert] testimony is routinely received.” But the admissibility of expert opinion was no t in issue in those cases. In each, the issue was sufficiency of the evidence; expert testimony was discussed only as an adjunct to the circumstantial evidence underlying the conviction.
Here, as in Cartera, “(w)hether rape had occurred was the precise and ultimate issue in the case.” 219 Va. at 519, 248 S.E.2d at 786. The nurse’s testimony on that question was an opinion of an expert. That opinion was patently prejudicious. I would hold that the trial judge erred in admitting that evidence, annul the conviction, reverse the judgment of the Court of Appeals denying Hussen’s petition for appeal, and remand the case to the Court of Appeals with direction to remand the case to the trial court for further proceedings.

 The marijuana was found in the basement of Davis’ house, and he was one of three occupants of the dwelling. Davis’ cousin, one of the occupants, testified that he had purchased the marijuana and hidden it in the basement. The Court of Appeals noted that “[a] given quantity of a controlled substance can be possessed jointly by several individuals. ... In such a case, that amount might be inconsistent with an individual’s personal use, and yet not establish an intent to distribute.” Id. at 732, 406 S.E.2d at 924. The Court concluded that the detective’s testimony, considered in context with the facts and the jury instructions, was appropriate for the jury’s consideration because it was not the ultimate issue in the case.

 Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998); Lovelace v. Commonwealth, 27 Va. App. 575, 587, 500 S.E.2d 267, 273 (1998); Spivey v. Commonwealth, 23 Va. App. 715, 479 S.E.2d 543 (1997); Jones v. Commonwealth, 23 Va. App. 93, 474 S.E.2d 825 (1996); Williams v. Commonwealth, 21 Va. App. 263, 463 S.E.2d 679 (1995); Wilkins v. *102 Commonwealth, 18 Va. App. 293, 443 S.E.2d 440 (1994); Hardy v. Commonwealth, 17 Va. App. 677, 440 S.E.2d 434 (1994); Poindexter v. Commonwealth, 16 Va. App. 730, 432 S.E.2d 527 (1993); Early v. Commonwealth, 10 Va. App. 219, 319 S.E.2d 340 (1990); Wells v. Commonwealth, 2 Va. App. 549, 347 S.E.2d 139 (1986).