COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Felton and Senior Judge Coleman
Argued by teleconference


AARON DANYLE BEALE

                                        MEMORANDUM OPINION* BY
v.       Record No. 1808-03-2             JUDGE SAM W. COLEMAN III
                                            APRIL 20, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LANCASTER COUNTY
Harry T. Taliaferro, III, Judge

Carl E. Failmezger for appellant.

Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Aaron Danyle Beale appeals his bench trial convictions for rape and forcible sodomy.  He

argues the trial court erred by admitting the testimony of Carol Ann Towne, a Sexual Assault

Nurse Examiner (SANE).  For the reasons that follow, we disagree and affirm the trial court's

decision.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

So viewed, the evidence proved that on December 8, 2002, Jessica Clark spent the

evening with her friend, Tierra Ball, at Ball's residence.  Ball's boyfriend, Daryl Veney, arrived

with appellant, his cousin, and the group watched television.  Later, Ball and Veney left to go to

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Veney's house. Appellant suggested he and Clark sit in Clark's car to listen to music. Clark agreed, and the two entered her vehicle.

Clark testified that as they listened to the music, appellant started kissing her. Clark repeatedly asked appellant to stop. Appellant refused and continued to kiss Clark and touched her breasts. Appellant picked up Clark and put her on the backseat of the vehicle. He pulled down her pants and underwear and penetrated her vagina with his penis. Clark "was telling him to stop the whole time." She said, "he didn't hit me or anything like that, but it hurt that I was being held down and that I was being penetrated against my will . . . . I was scared and telling him to stop the whole time." Appellant licked Clark's vagina with his tongue. Afterwards, when appellant stepped out of the vehicle, Clark drove away. On the way home she received a call from her mother about being out late beyond the time she was to have been home.

When Clark arrived home she went to her room and told a friend what had happened. The following morning she discussed the incident further with her friend and then reported it by telephone to her mother, who was away from the home. The mother reported the incident to the sheriff's office, and Clark's friend accompanied Clark to the hospital where Towne examined her.

At trial, Towne testified she observed lacerations and bruises to Clark's vaginal area. She also noted Clark had bruises on her neck and inner thigh. She opined that the thigh injury was caused by blunt force trauma, sustained within twenty-four hours of the examination. A laceration to Clark's posterior fourchette was visible to the naked eye, indicating it was a large and significant injury.

Towne also testified:

> The normal physiological [sexual] response in a female, [is] that
> the labia majora flattens out and moves out of the way. Basically
> the labia majora becomes engorged with blood and also separates
> out. The vagina lengthens to accommodate the penis, and

lubrication comes from this extra blood supply to the vagina. All this allowing for a - - for a more smooth penetration by the penis. Without those responses, you possibly get injuries.

Towne opined that the injuries to Clark's vaginal area were "mounting" injuries caused by blunt force trauma. She concluded that she would not have expected the injuries she observed had Clark experienced "normal human sexual response."

On cross-examination, Towne acknowledged that there are other reasons for vaginal tearing, including "vigorous coitus" and "not being lubricated enough." Appellant's counsel confronted Towne with "some synopses of some journals" which explained that vaginal injuries could occur during consensual intercourse. Counsel asked Towne whether she was familiar with the articles that described the medical opinions of the authors or whether she was familiar with the authors. Towne indicated that she was not familiar with the authors or their articles. However, Towne acknowledged that vaginal injuries could occur during consensual intercourse, either because of "vigorous coitus" or "inadequate lubrication" or "inexperience of one or both partners."

I.

The Commonwealth asserts appellant failed to preserve his argument on appeal. We disagree.

Appellant's one question presented is as follows:

> The trial court erred in permitting nurse Carol Ann Towne to testify about her sexual assault nurse examination and offer an opinion about her findings, *without first establishing a foundation for the scientific reliability* of the human sexual response theory upon which her opinions were based.

(Emphasis added.) The Commonwealth contends appellant waived this argument by affirmatively responding to the trial judge's statement, "If I understand your objection, it is still to the ultimate issue of fact." However, before the trial court issued its ruling, appellant's counsel emphasized that "we are arguing that the conflicting medical testimony out there is

- 3 -

scientifically unreliable so that she cannot render an opinion as such" and that counsel did not "believe that [the SANE's] testimony should be accepted as to causation [sic] injuries based upon unscientific and unreliable evidence that is not proven out in the medical journals." Appellant adequately presented his argument to the trial court.

However, to the extent the argument section in appellant's brief raises any additional challenges, we need not address them. We address only the issue as framed as a "question presented." See Rule 5A:20(c) (requiring all issues raised be included as "questions presented"). Based upon appellant's brief, he is arguing on appeal that the trial court failed to make a finding regarding the reliability of the science underlying the SANE's testimony.

II.

> When scientific evidence is offered, the court must make a threshold finding of fact with respect to the reliability of the scientific method offered, unless it is of a kind so familiar and accepted as to require no foundation to establish the fundamental reliability of the system, such as fingerprint analysis, Avent v. Commonwealth, 209 Va. 474, 478, 164 S.E.2d 655, 658 (1968); or unless it is so unreliable that the considerations requiring its exclusion have ripened into rules of law, such as "lie-detector" tests, Robinson v. Commonwealth, 231 Va. 142, 156, 341 S.E.2d 159, 167 (1986); or unless its admission is regulated by statute, such as blood-alcohol test results, Code §§ 18.2-268(O), -268(Y).

Spencer v. Commonwealth, 240 Va. 78, 97-98, 393 S.E.2d 609, 621 (1990). Appellant asserts the trial court erred by failing to make a threshold finding of reliability. However, we find the scientific method offered by the Commonwealth was of a kind so familiar as to require no such preliminary finding of reliability.

Towne's testimony concerned only the report of her visual observation of Clark's physical injuries accompanied by her observation that trauma necessarily causes such injuries. Towne conceded the injuries could have been caused by means other than nonconsensual intercourse. It is well established that in rape cases, it is permissible "to permit the [expert] to state what examinations and tests [s]he performed upon the victim[] and what medical

- 4 -

conclusions [s]he reached as a result." Cartera v. Commonwealth, 219 Va. 516, 519, 248 S.E.2d 784, 786 (1978). This Court recently held that a SANE may "express an expert opinion on the causation of the injuries in the context of an alleged sexual assault . . . [and] offer[] her expert opinion as to [the victim's] injuries in terms of whether or not her injuries were consistent or inconsistent with consensual sexual intercourse." Mohajer v. Commonwealth, 40 Va. App. 312, 320-21, 579 S.E.2d 359, 364 (2003). Towne's physical examination of Clark, and the conclusions she drew from her visual observations, did not involve the use of a scientific methodology which depended upon the reliability of the procedures for the results to be sound or valid.

In challenging the scientific method behind Towne's testimony, appellant does not assert that the female body does not undergo the described changes as a "normal sexual response." Instead, his argument, and the articles with which he attempted to challenge Towne's testimony at trial,[1] merely dispute the conclusion that a woman experiencing "normal sexual response" likely would not suffer injuries such as those Clark sustained. Towne's testimony was not contradicted by the studies cited by appellant. In fact, she conceded, as the articles purportedly concluded, that such injuries could be sustained for various reasons during consensual intercourse, even during a "normal sexual response." Appellant's assertion that the science behind Towne's testimony was unreliable raises an issue of weight, not admissibility. The scientific method introduced by the Commonwealth was of a kind so familiar and accepted as to

---

[1] The Commonwealth correctly notes that the articles cited by appellant were not admitted into evidence. Nor was there any evidence establishing they represent the "pertinent scientific literature." Thus, we draw no conclusions from Towne's unfamiliarity with the articles and find only that the subject of the articles, as represented by appellant, simply does not contradict Towne's testimony. Whether the trial court considered the articles in weighing the expert evidence is not a subject of this appeal.

require no preliminary finding of reliability by the court.  Therefore, the trial court did not err in failing to make such a finding or in admitting the testimony.

Accordingly, we affirm the decision of the trial court.

<u>Affirmed.</u>