COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Benton and McClanahan
Argued at Alexandria, Virginia


JOHN D. CREEKMORE

MEMORANDUM OPINION[*] BY
v.        Record No. 0358-03-4        CHIEF JUDGE JOHANNA L. FITZPATRICK
JULY 13, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CLARKE COUNTY
John R. Prosser, Judge

S. Jane Chittom, Appellate Defender (Public Defender Commission,
on brief), for appellant.

Susan L. Parrish, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


John D. Creekmore (appellant) was convicted in a bench trial of distribution of cocaine in violation of Code § 18.2-248.  Appellant contends that the trial court erred in admitting evidence that on other occasions he sold cocaine to Buddy Vanhuse (Vanhuse), a convicted felon who agreed to assist with the investigation of appellant's alleged cocaine distribution.  Assuming without deciding that the admission of the disputed evidence was erroneous, any such error was harmless, and we affirm.

I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

---

[*]  Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence established that Clarke County Investigator Anthony Roper (Roper) arranged a controlled purchase of cocaine at Vanhuse's apartment. After Roper searched Vanhuse and his apartment for drugs, he gave Vanhuse a recording device and $400 to purchase cocaine. He set up a video camera across the street. When appellant arrived at the apartment, appellant and Vanhuse "set up plans for even more after that," and Vanhuse gave appellant money in exchange for rock cocaine. The sale was recorded on both the audio and video recorders, although the voice-recording device was unclear at times.

At trial, Vanhuse testified to the events that occurred during the controlled buy. Over appellant's objection, the trial court admitted Vanhuse's testimony that appellant had supplied him with cocaine both before and after the controlled buy, for the limited purpose of establishing a pattern, motive, or course of conduct. Appellant additionally testified that he went to Vanhuse's apartment that day because the two females that accompanied him wanted to purchase a television and stereo. Before pronouncing guilt, the trial court stated that considering the audiotape of the drug sale played for the court and Vanhuse's testimony regarding the sale, "one can . . . conclude that this is the discussion that took place with respect to the drug transaction." Appellant was convicted of distribution of cocaine in violation of Code § 18.2-248 and sentenced to serve ten years with six years suspended.

## II. ANALYSIS

At trial, appellant objected to Vanhuse's testimony that appellant had earlier sold him cocaine on other occasions at his home and work, before and after the transaction at issue. The trial court overruled the objection, stating that:

> That objection is overruled to the extent that the Court will not consider the material for any generally prejudicial purpose, but only to establish a pattern, a motive, or a course of plan of [sic] conduct and I will admit it for that limited purpose.

Vanhuse's testimony then continued:

> Q: What was your pattern with respect to purchasing cocaine from Mr. Creekmore?
>
> A: Sometimes it was . . . it was on and off. There was a few times before and even after this.
>
> Q: You are going to have to speak up.
>
> A: There was a few times before this occasion and even afterwards, there was a couple . . . [.]

Appellant contends that this evidence failed to meet any of the exceptions to the general rule that evidence of prior crimes is inadmissible and that its prejudicial effect outweighed its probative value. Assuming, without deciding, that the trial court erred in admitting the testimony of prior cocaine sales, we hold that the error is harmless.

The standard for non-constitutional error is established in Virginia's harmless error statute, Code § 8.01-678, which provides, in pertinent part:

> When it plainly appears from the record and the evidence given at trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any error committed on the trial.

Additionally, Code § 8.01-678 has been applied in both criminal and civil cases:

> In a criminal case, it is implicit that, in order to determine whether there has been a fair trial on the merits and whether substantial justice has been reached, a reviewing court must decide whether the alleged error substantially influenced the jury. If it did not, the error is harmless.

Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (internal citations and quotations omitted). Our Supreme Court has applied the following standard adopted in

Kotteakos v. United States, 328 U.S. 750 (1946), to non-constitutional error:

> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair

assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected . . . . If so, or if one is left in grave doubt, the conviction cannot stand.

Id. at 764-65 (internal citations omitted).

Applying this standard and Code § 8.01-678 to the instant case, we can say that it plainly appears that appellant had a fair trial and the verdict and judgment were not substantially affected by the admission of appellant's prior drug sales. In reaching its verdict, the trial judge specifically cited Roper's testimony that he placed a wire on Vanhuse and searched him for drugs prior to the transaction, the information culled from the audiotape of the drug transaction, the videotape of appellant entering Vanhuse's residence, and Vanhuse's testimony concerning the sale. The trial court in its findings gave no weight to the disputed testimony, and clearly disbelieved the version of events as described by appellant. We therefore hold that any error is harmless.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

Benton, J., dissenting.

> The general rule is well established that in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged.

Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). Thus, in cases involving distribution of narcotics, the Supreme Court has barred evidence of a defendant's prior distribution of narcotics because: (i) it is not "probative of . . . intent to distribute drugs" on a later occasion, Donahue v. Commonwealth, 225 Va. 145, 154, 300 S.E.2d 768, 773 (1983); (ii) it cannot be considered to be "evidence showing a knowledge of 'this particular transaction . . . or what the expedition was about,'" Eccles v. Commonwealth, 214 Va. 20, 22, 197 S.E.2d 332, 333 (1973) (*per curiam*); and (iii) it is inadmissible as proof of a pattern or "general scheme," Boyd v. Commonwealth, 213 Va. 52, 53, 189 S.E.2d 359, 359 (1972) (*per curiam*).

Applying these cases, we have ruled as follows:

> The Supreme Court has been particularly careful to recognize the danger of misusing other crimes evidence in drug-related charges. Evidence that an accused has committed or has been convicted of other drug-related crimes diverts the fact finder's attention from the facts and charges at issue. Also, such evidence calls upon an accused to defend himself against crimes not charged in the indictment. Proving that the accused has committed other similar crimes raises considerable risk that such evidence will be misapplied by the fact finder. Great likelihood exists that a fact finder will rush to the impermissible conclusion that, because the accused sold drugs on a prior occasion, he probably is the person who possessed the seized drugs and probably intended to sell those drugs in this instance, rather than use them. Furthermore, simply proving that an accused has on a prior occasion committed other crimes of a similar nature has a tendency to shift the burden of proof to an accused to prove his innocence, rather than requiring the Commonwealth to prove each element of the offense beyond a reasonable doubt.

Wilson v. Commonwealth, 16 Va. App. 213, 221, 429 S.E.2d 229, 234, aff'd en banc, 17 Va. App. 248, 436 S.E.2d 193 (1993) (citations omitted).

> In the absence of . . . showing [a causal connection between a prior crime and the offense being prosecuted], the evidence can serve but one purpose: to show that the defendant has a propensity to commit crimes or a particular type of crime and, therefore, probably committed the offense for which he is being tried. The admission of such evidence for that purpose is prohibited.

Cooper v. Commonwealth, 31 Va. App. 643, 647-48, 525 S.E.2d 72, 74 (2000). For these reasons, I would hold that the trial judge erred in admitting testimony from the informant, who possessed the narcotics, that on an earlier occasion John D. Creekmore had supplied him with narcotics.

The error is not harmless. The Supreme Court of Virginia has "adopt[ed] the Kotteakos [v. United States, 328 U.S. 750 (1946),] harmless-error test" for measuring error under Code § 8.01-678. Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 732 (2001). Applying that test, the United States Supreme Court has held that "the principle of Kotteakos [means] that when an error's natural effect is to prejudice substantial rights and the court is in grave doubt about the harmlessness of that error, the error must be treated as if it had a 'substantial and injurious effect' on the verdict." O'Neal v. McAninch, 513 U.S. 432, 444 (1995) (citing Kotteakos, 328 U.S. at 764-65, 776). Moreover, when a trial error has been shown on direct appeal from a conviction, the government bears the burden of proving harmlessness under this standard. See id. at 437. Indeed, the Supreme Court of Virginia has held that "error will be presumed to be prejudicial unless it plainly appears that it could not have affected the result." Caldwell v. Commonwealth, 221 Va. 291, 296, 269 S.E.2d 811, 814 (1980).

The record does not contain a video recording showing a drug transaction occurred. The video recording merely showed Creekmore and two women entering an apartment building from the parking lot. In addition, the trial judge found that the audio record, which contained rustling

- 6 -

noises and audio sounds from a television, was "not great quality" and merely "seem[ed] to indicate some numbers being thrown around, four, five, and a six pack."

"[A]lthough this was a bench trial, when the trial judge erroneously and unconditionally admits prejudicial evidence, we cannot presume that the trial judge disregarded that evidence which he ruled to have probative value." Wilson, 16 Va. App. at 223, 429 S.E.2d at 235. "Since we have no way of knowing the effect of the . . . admission of testimony as to defendant's prior criminal acts . . . had upon the mind[] of the [trier of fact], we cannot say that the error was not prejudicial." Eccles, 214 Va. at 22-23, 197 S.E.2d at 333. The principle is long standing that error is not harmless when the disputed evidence "may well have affected the [fact finder's] decision." Cartera v. Commonwealth, 219 Va. 516, 519, 248 S.E.2d 784, 786 (1978).

For these reasons, I would reverse the conviction and remand for a new trial.